RAILWAY REGISTER MANUF'G Co. *v.* NORTH HUDSON Co. R. Co. and others.[1]

*(Circuit Court, D. New Jersey.   January 13, 1886.)*

1. EQUITY PRACTICE—APPLICATION FOR REHEARING—DISCRETION.
    An application for a reargument is addressed to the discretion of the court, and the exercise of such discretion is not willful, but is governed by certain well-established principles.
2. SAME—GROUNDS FOR REHEARING.
    The grounds on which courts ordinarily grant rehearings are (1) upon allegation that any question decisive of the case, and duly submitted by counsel, has been overlooked by the court; and (2) that the decision is in conflict with an express statute, or with a controlling decision, either overlooked by the court, or to which attention was not drawn, through neglect or inadvertence of counsel.
3. SAME—INSUFFICIENT GROUND FOR REHEARING.
    The allegation that one defense was not fully presented at the original hearing is no ground for rehearing.
4. PATENTS FOR INVENTIONS—COMBINATION OF OLD PARTS, WHEN PATENTABLE.
    A combination of old elements is patentable, where a new and useful result is produced by their joint action, or an old result in a cheaper or otherwise more advantageous manner.

On Application for Reargument.

*Frost & Coe,* for application.

*Dickerson & Dickerson, contra.*

NIXON, J.   This is an application for the reargument of the above case, upon the same testimony, and under the same circumstances,

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

under which it has been before argued and decided. The only ground set forth in the petition for the court to open the case, and grant the motion, is that the defense, that "the devices claimed in the complainant's patent did not constitute a patentable invention," was not fully presented on the final hearing. The application for a reargument, it is true, is addressed to the discretion of the court. The exercise of such discretion, however, is not willful, but is governed and determined by certain well-established principles. In *Giant Powder Co.* v. *California Co.*, 5 Fed. Rep. 197, Mr. Justice FIELD tersely says that a reargument is never granted to allow a rehash of old arguments, and that the proper remedy for errors of the court on points argued in the first hearing is to be sought by appeal when the decree is one which can be reviewed by an appellate tribunal. The present case is one of such character.

The grounds on which courts ordinarily listen to such applications are stated by the court of appeals of New York in *Marine Nat. Bank* v. *City Nat. Bank,* 59 N. Y. 73. They are (1) upon all allegations that any question decisive of the case, and duly submitted by counsel, has been overlooked by the court; or (2) that the decision is in conflict with an express statute, or with a controlling decision, either overlooked by the court, or to which attention was not drawn, through the neglect or inadvertence of counsel.

Neither of these reasons is shown or alleged to have existed. The counsel for the defendant simply state that one of their defenses was not fully presented. If not, why not? No limitation or constraint was imposed in the argument. It happens that the very ablest counsel are often dissatisfied with their presentation of the most important causes, but that has never been regarded as a satisfactory reason for the court to allow them another opportunity. The solicitors of the defendants, who unite in an affidavit to secure the rehearing, say that "it can be readily shown, on a reargument, that, in view of the state of the art, all the elements of the alleged combinations of the three claims in suit are old, and that there was no new result obtained by their alleged combination; but that the same advantage, alleged by complainant to be brought about by their combination, were old and well known in fare-registers."

This does not quite meet the case. The latest decision of the supreme court on this subject, which has come under my observation, was made in *Stephenson* v. *Railroad Co.*, 114 U. S. 149; S. C. 5 Sup. Ct. Rep. 777. In the opinion which I filed in this case I quoted what the supreme court there said was the rule in regard to combination claims, where the elements were old, to-wit, that such combinations were patentable, where a new and useful result is produced by their joint action, or *an old result in a cheaper or otherwise more advantageous manner.* Counsel for the defendants were probably misled by the hasty and meager comments which I made upon the quotation, and inferred that I meant to assert that only a new and useful result

would sustain such a patent. The opinion further states, and I ought to have added, that an old result may be sufficient, when it is produced by the combination in a cheaper or otherwise more advantageous manner.

I think the complainant's mechanism does this, and hence a re-argument on the question of novelty would subserve no useful purpose. The application is therefore denied.