### FITCHBURG R. CO. v. NICHOLS.

(Circuit Court of Appeals, First Circuit. January 20, 1898.)

#### No. 228.

JURISDICTION OF FEDERAL COURTS—DIVERSE CITIZENSHIP — DEFECTIVE ALLEGATION—CORRECTION ON APPEAL.

A defective allegation of citizenship may be corrected on appeal, so as to sustain the jurisdiction, by the consent of both parties. In the absence of such consent the judgment must be reversed, but the verdict need not be set aside, as the court below may allow an amendment in accordance with the facts, giving the adverse party an opportunity to meet the issue raised if he be so advised.

In Error to the Circuit Court of the United States for the District of Massachusetts.

This was an action at law by Roswell C. Nichols against the Fitchburg Railroad Company to recover damages for personal injuries re-ceived by him while in charge of cattle on a train.    In the circuit court the verdict and judgment were given for the plaintiff, and the defend-ant sued out this writ of error.    The case has been heard on a motion by plaintiff in error to amend the original writ in respect to the allega-tion of plaintiff's citizenship.

George A. Torrey, for plaintiff in error.

George A. Blaney and William S. B. Hopkins, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and. WEBB, District Judge.

PUTNAM, Circuit Judge.    The record in this case contains the suit-able allegations to show the citizenship of the corporation defendant in the court below, but it fails in this respect as to the plaintiff below. There are only two courses open.    If the plaintiff below is an alien, or a citizen of some state other than Massachusetts, the record may be amended in this court according to the truth by the consent of both parties.    Fletcher v. Peck, 6 Cranch, 87, 127;   Kennedy v. Bank, 8 How. 586, 611;   U. S. v. Hopewell, 51 Fed. 798, 800, 2 C. C. A. 510; Nashua & L. R. Corp. v. Boston & L. R. Corp., 9 C. C. A. 468, 61 Fed. 237, 245.    If this is not done, the judgment of the court below must be reversed.    It is not necessary to set aside the verdict, as the court below may allow an amendment, in accordance with the facts, to supply the defect, as well after verdict as before, provided it gives the adverse party an opportunity to meet the new issue thus raised, if that party is advised to do so.    All this is not only in accordance with the general principles of law, but is emphasized by section 954 of the Re-vised Statutes, and paragraphs 1 and 3 of rule 11 of the circuit court. Of course, if an amendment is not made, or the issue made by it is not sustained, it will be the duty of the court below to dismiss .the suit. It is ordered that the judgment of the circuit court be reversed, without costs for either party in this court, and that the case be remanded to the circuit court for further proceedings according to law, unless an amendment is made in this court on or before February 1, 1898, as pro-vided in this opinion.