### F. A. MFG. CO., Inc., v. HAYDEN & CLEMONS, Inc.

(Circuit Court of Appeals, First Circuit. April 26, 1921. Rehearing Denied June 3, 1921.)

#### No. 1499.

1. **Abatement and revival ⬅⟶41, 48—Cause of action abates at law, but not in equity, on death or assignment of interest.**

At common law and apart from statute, on the death of a sole party plaintiff or the assignment of his entire interest in the subject-matter of a suit, the cause of action abated or ceased to exist; but in equity it did not abate, if it was of a nature that survived, but was merely suspended until the representative of the deceased party or the purchaser became a party to the litigation.

2. **Abatement and revival ⬅⟶68—Doctrine of abatement without application to judgment or decree.**

A cause of action ceases to exist on being merged in a judgment or decree, and so long as the decree remains in force the doctrine of abatement is without application.

3. **Appeal and error ⬅⟶330(1)—Purchaser of patent and of causes of action for infringement entitled to appeal from decree adverse to patentee.**

Where, after a decree for defendant in a suit for infringement of a patent, the patentee sold the patent and assigned to the purchaser all causes of action or claims for infringement, with a right to sue in the

---

⬅⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

name of the patentee, the purchaser, by its purchase, and by filing a sworn petition for an appeal and an appeal bond, and the allowance of each, became privy to the record as the real party in interest, and was entitled to appeal.

4. **Appeal and error ☜330(1)—Appellate court may inquire into purchaser's right to appeal, or direct inquiry by District Court.**

If one claiming the right to appeal from a decree for defendant in a patent infringement suit as a purchaser of the patent and all rights of action for infringement thereof is not the real owner of the patent and of the right to appeal, or purchased such rights for an ulterior purpose, with a view to carrying on vexatious litigation, the Circuit Court of Appeals has power to inquire into such matters, or to direct an inquiry to be made in the District Court.

### On Petition for Rehearing.

5. **Appeal and error ☜330(1)—One taking assignment after final decree may appeal.**

One taking an assignment of a cause of action after final decree may appeal in his own name, on making himself a party by appropriate application, or in the name of his ancestor without being made a party; he being bound by all that was done before the assignment.

Appeal from the District Court of the United States for the District of Massachusetts.

Suit by the Brockton Heel Company, Incorporated, against Hayden & Clemons, Incorporated. From a decree for defendant, the F. A. Manufacturing Company, Incorporated, assignee of the Brockton Heel Company, appeals. On motion to dismiss the appeal. Motion denied.

William Quinby, of Boston, Mass., for appellant.

Odin Roberts and Roberts, Roberts & Cushman, all of Boston, Mass., for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and ALDRICH, District Judge.

BINGHAM, Circuit Judge. In a suit brought by the Brockton Heel Company, Incorporated, against Hayden & Clemons, Incorporated, for infringement of letters patent No. 14,476, in the District Court for Massachusetts, a decree was entered for the defendant. After the decree was entered the F. A. Manufacturing Company, Incorporated, purchased from the Brockton Company the patent, and took assignments of it and of "all causes of action or claims for damages or profits arisen or accrued by reason of any infringement of said letters patent prior to the date of said assignments," with a right "to sue for and collect said damages and profits in the name of the Brockton Heel Company, Incorporated." Having thus obtained the right and title of the plaintiff in suit, the Manufacturing Company, within the statutory period (26 Stat. at Large, 829, § 11), presented a petition for an appeal in the District Court, in which it alleged the purchase of the patent, an assignment of all causes of action or claims for damages or profits which had accrued, a right to sue and collect the same in the name of the Brockton Heel Company, Incorporated, and prayed

that it be allowed to file and prosecute an appeal from the decree in the name of the Brockton Heel Company, Incorporated. The Manufacturing Company signed the petition by its vice president, who made oath to the truth of the facts therein alleged and that the copies of the assignments annexed to the petition were correct and exact copies of the original assignments. The judge sitting in the District Court allowed the petition as of the date of its filing. Assignments of error and an appeal bond were filed; the latter also being approved by the court.

After the case was docketed in this court the defendant, Hayden & Clemons, Incorporated, appeared specially and for the sole purpose of filing a motion to dismiss the appeal, assigning the following reasons: (1) That it appears, by admissions contained in the petition for appeal, that the plaintiff, Brockton Heel Company, Incorporated, by which the original bill of complaint was filed in the District Court of the United States for the District of Massachusetts (Equity No. 906), parted with its entire interest in the subject-matter of the suit after entry of the final decree therein, and as to the Brockton Heel Company, Incorporated, the suit abated; (2) that said Brockton Heel Company, Incorporated, has taken no appeal; (3) that the petitioner named in the petition for appeal, viz., the F. A. Manufacturing Company, Incorporated, is a stranger to the cause, and had, at the time the petition was filed, no standing as a party, and no right of appeal; (4) that there is no lawful appeal before this court; and (5) that the foregoing reasons appear of record.

The defendant by its motion in effect says that this court is without jurisdiction over the cause, for the reason that the facts disclosed by the record show that no appeal has been taken to this court by one entitled to prosecute an appeal from the decree of the District Court.

In Ex parte Cutting, 94 U. S. 14, 22 (24 L. Ed. 49), it is said that "only parties, or those who represent them, can appeal;" and in Bayard v. Lombard, 9 How. 530, 551 (13 L. Ed. 245), that "it is a well-settled maxim of the law that 'no person can bring a writ of error to reverse a judgment who is not a party or privy to the record.'"

In Guion v. Liverpool, London & Globe Ins. Co., 109 U. S. 173, 3 Sup. Ct. 108, 27 L. Ed. 895, an appeal was dismissed for want of jurisdiction, the special reasons assigned being: (1) That the appellant was not a party to the suit in which the decree was entered, as his petition asking to be admitted as a party had been denied; and (2) that, if he were a party, he had not perfected his appeal by giving bond and security for costs.

In Ex parte Cockcroft, 104 U. S. 578, 26 L. Ed. 856, it was held that, inasmuch as the petitioner was not made a party to the suit, either by an express order of the court or by being treated as such, he could not prosecute an appeal.

In Fitzgerald v. Evans, 49 Fed. 426, 428, 1 C. C. A. 307, the appeal was dismissed, as the record before the court did not show that Fitzgerald had any interest in the subject-matter of the suit. It is there said that, if Fitzgerald had become interested in the proceeding by purchase or otherwise and desired to be heard in opposition to the

allowance and payment of the claim appealed from, "he should, by petition, have intervened in the cause, and have obtained recognition as a party in interest."

In Elwell v. Fosdick, 134 U. S. 500, 513, 10 Sup. Ct. 598, 33 L. Ed. 998, the bank, the holder of $14,000 out of $955,000 of bonds secured by a mortgage, and whose petition to intervene and become a party to the suit had been denied, was permitted to appeal in the name of Elwell, the trustee named in the mortgage, from a decree which it was claimed affected its interests. It appeared from evidence dehors the record that at some time before the appeal was taken the trustee had executed a release of his right to appeal from the decree, and that the court below had found that there was no proof showing that the trustee had not acted in good faith in the prosecution of the suit. It was held that, inasmuch as the bank was not a party to the suit, "its right to appeal depended entirely upon the action of the trustee," and that, having been allowed to prosecute the appeal in the name of the trustee, the bank was "bound by all the preceding acts of the trustee, done in good faith"; that "on the facts of the case the appeal must be considered as the appeal of the trustee, and as barred by his release executed long before the appeal was granted."

Bowden v. Johnson, 107 U. S. 251, 264, 2 Sup. Ct. 246, 27 L. Ed. 386, was a suit brought by Bowden, as receiver of a national bank, to charge the defendant with individual liability as a stockholder under section 12 of the Act of June 3, 1864 c. 106 (13 Stat. 99). In that case the court said:

"In June, 1878, Orson Adams was appointed receiver of the bank, in place of Bowden, the plaintiff. The decree of the Circuit Court was not made till January, 1879. The appeal to this court was taken in the name of Bowden; Adams not having been substituted as plaintiff. Adams became surety in the appeal bond, and thus treated the decree as valid and adopted the appeal. Adams now moves to be substituted as plaintiff and appellant in place of Bowden, without prejudice to the proceedings heretofore had. The appellees and their counsel first heard of the appointment of Adams from the papers served on the motion for substitution, and the appellees now move to dismiss the appeal, on the ground that none was ever lawfully taken. We think that the motion of Adams should be granted, and that of the appellees denied. Adams prosecuted the appeal in the name of Bowden, who was and is in life, and had a representative capacity. The power of amendment to this extent is authorized by section 954 of the Revised Statutes. It is of the same character as that exercised by this court in Gates v. Goodloe, where a writ of error was sued out by two bankrupts after their discharge in bankruptcy, and this court, on a motion to dismiss the writ, and a counter motion by the assignee in bankruptcy to be substituted as the plaintiff in error, denied the former motion and granted the latter. 101 U. S. 612."

[1] At common law and apart from statute, upon the death of a sole party plaintiff or the assignment of his entire interest in the subject-matter of a suit, the cause of action abated; that is, it ceased to exist. 1 Ruling Case Law, p. 20, § 11. In equity, however, it did not abate, if it was of a nature that survived but was merely suspended until the representative of the deceased party or the purchaser became a party to the litigation. Brown v. Fletcher, 146 Mich. 401, 109 N. W. 686, 15 L. R. A. (N. S.) 632, 123 Am. St. Rep. 233; 1 Ruling Case Law, p. 20, 10; Story's Eq. Pl. § 354.

[2, 3] But we have here no question of abatement. A cause of action ceases to exist on being merged in a judgment or decree, and so long as the judgment or decree remains in force the doctrine of abatement is without application (1 Ruling Case Law, p. 38, § 35); and the real question is whether the Manufacturing Company, by purchasing the patent and the right to prosecute the appeal, and by filing the sworn petition for appeal and the bond, and the allowance of each, became privy to the record as the real party in interest and entitled to appeal. We think that it did, and that to hold otherwise would be to resort to technicalities that are not justified, that the appeal would have to be dismissed, and that the probable result would be to preclude the Manufacturing Company from ever prosecuting an appeal as the time within which it could be taken has long since passed. ·

[4] If the Manufacturing Company is not the real owner of the patent, and of the right to prosecute the appeal, or purchased the right for an ulterior purpose, with a view to carrying on vexatious litigation, this court is not without power to make inquiry into such matters itself (Dakota County v. Glidden, 113 U. S. 222, 226, 5 Sup. Ct. 428, 28 L. Ed. 981; American Wood Paper Co. v. Heft, 131 U. S. Appendix, p. xcii; Board of Liquidation v. Louisville, 109 U. S. 221, 226, 3 Sup. Ct. 144, 27 L. Ed. 916; Bowden v. Johnson, supra; Ridge v. Manker, 132 Fed. 599, 67 C. C. A. 596; Lord v. Veazie, 8 How. 251, 12 L. Ed. 1067), or to direct an inquiry to be made in the District Court (United States v. Hopewell [First Circuit] 51 Fed. 798, 800, 2 C. C. A. 510; Fred Macey Co. v. Macey, 135 Fed. 725, 729, 68 C. C. A. 363; Fitchburg R. Co. v. Nichols, 85 Fed. 869, 29 C. C. A. 464).

Entertaining these views, we think the motion to dismiss must be denied. Washington County v. Durant, 131 U. S. Appendix, lxxx.

If, however, the defendant desires to contest the validity of the assignments, or the purpose for which they were procured, it may do so by presenting an application looking to that end, and this court will then determine whether it will hear the questions thus raised, or retain the case and send them to the District Court for decision.

The motion to dismiss the appeal is denied.

### On Petition for Rehearing.

PER CURIAM. [5] As pointed out in our previous decision of April 26, 1921, no question of abatement is presented, as, at the time the assignment was made to the Manufacturing Company, the cause of action had merged in a decree. In this respect the case does not stand differently from one where a defendant pendente lite has assigned his interest in the litigation. In such a case the assignment "does not necessarily defeat the suit," for the assignee of a defendant, pendente lite, "is bound by all that is done, whether a party by name or not." Ex parte Railroad Co., 95 U. S. 221, 226, 24 L. Ed. 355. In that case, in speaking of an assignment by a defendant and the rights of the assignee in pending litigation, the court said:

"The assignee may, at his own election, come in by an appropriate application, and make himself a party, so as to assume the burden of the litigation in his own name, or he may act in the name of his assignor. A pendente lite

assignment carries with it an implied license by the assignor for the use of his name in the cause by the assignee to protect the rights assigned. Of this, the plaintiffs in the action cannot complain, because the assignee is bound by all that is done, whether a party by name or not."

As an assignment by a defendant pendente lite does not defeat the action, and the assignee is bound by all that is done, whether he is a party by name or not, and may prosecute the defense in the name of the assignor, there would seem to be no reason, in the case of an assignment by a plaintiff after a final decree, there being then no question of abatement and the assignee being bound by the decree as well as the assignor, why the assignee of a plaintiff may not prosecute an appeal in the name of the assignor. And as the assignee in either case, under the circumstances here stated, may make himself a party by an appropriate application, or may act in the name of his assignor without being made a party, it would seem to be merely formal which method is adopted, as in such case he is bound by the decree, and the defendant cannot be harmed.

If the assignor, the Brockton Company, had itself prosecuted the appeal, instead of the appeal having been prosecuted in its name by the Manufacturing Company, and the defendant had moved to dismiss in this court on the ground that the assignor had parted with its entire interest in the patent and its rights or obligations under the decree, there would seem to be no question but that the court might receive evidence dehors the record for the purpose of ascertaining whether it was being imposed upon or not, and if it appeared that it was not, and that the assignor was prosecuting the suit for the benefit of the assignee, might proceed to determine the cause on its merits. And if this is true, we fail to see wherein the court may not exercise a like power, the appeal having been taken by the assignee in the name of the assignor.

The defendant, in its motion to dismiss and in its present motion for a rehearing, takes inconsistent positions. In the former it asserts that it appears from the record that the Brockton Company has assigned its entire interest in the decree to the Manufacturing Company, while in the latter it asserts that there is nothing in the record which shows that the Manufacturing Company has by assignment acquired the interest of the Brockton Company in the benefits and burdens of the decree, and therefore cannot appeal in the name of the Brockton Company. Either one or the other of these positions must be correct, and we are of the opinion that it is the former.

We reassert the position taken in our former opinion that the defendant may present affidavits, if it desires, asserting that the interposition of the Manufacturing Company is fictitious; that is, that it has no valid assignment, or, if it has a valid assignment, that it was procured for the sole purpose of protracting the litigation and is vexatious. It must be the inherent right of all courts to consider such a question.

The motion for rehearing is denied.