MANUEL CIVIDANES ALONSO, as Receiver (Administrador Judicial) of the Sucn. Rufina Molinari, Plff.,

*v.*

MARCELO OBEN AND JESUS VAZQUEZ, as Field's Foreman and Foreman of the Central Machete, Dfts.,

and

LUCE & COMPANY, S. EN C., Interveners.

San Juan, Law, No. 1634.

Opinion filed January 9, 1924.

*Mr. Pedro R. Quiñones.* for plaintiff.

*Mr. Jose Tous Soto* and *Mr. R. V. Perez Marchand* for the intervener.

ODLIN, Judge, delivered the following opinion:

On December 19, 1923 [ante, 237], an order and opinion was filed in the office of the clerk of this court, the effect of which was to remand this case to the Insular district court at Guayama, from which court it had been removed by Luce & Company, interveners. One week thereafter, to wit: on December 26, 1923, there was filed a motion for a rehearing, and a very elaborate written argument in support of such rehearing prepared by counsel for Luce & Company.

In support of this application for a rehearing reliance is had upon the decision of the United States circuit court in New Jersey rendered in 1886 in the case of the Railway Register Mfg. Co. v. North Hudson Co. R. Co. [26 Fed. 411]. It is distinctly held in this decision that an application for a rehearing is addressed to the discretion of the court, but in the exercise of such discretion the court must be governed by certain well-established principles; one of these principles is that some question decisive of the case and duly submitted by counsel was overlooked by the court in its first ruling; and another ground mentioned is that the decision is in conflict with an express statute, or in conflict with a controlling decision which had been overlooked by the court, or to which attention had not been drawn by reason of the neglect or inadvertence of counsel. These principles are sound, and in deciding this matter I pro-

pose to be governed by these principles so far as may be within my ability to decide. Reference to the order and opinion of this court dated December 19, 1923, which directed a remand, discloses the ground of my decision to have been that there was no direct and specific allegation in the petition for removal that the amount in controversy between the parties exceeded $3,000.

The present argument of the counsel for Luce & Company, which accompanied the petition for a rehearing, is divided into two parts. The first is that error was made by this court in deciding that the language found in the original petition for removal with reference to the amount in controversy was not sufficient to show that the amount involved actually exceeded $3,000. I have again carefully examined this allegation, after studying the first part of the written argument last referred to, and I have also examined the various decisions cited by counsel for Luce & Company, with the result that I am as firmly convinced as I was before that the original petition fails to allege that the amount in controversy exceeds $3,000.

Therefore, it is necessary to pass to the second part of the written argument submitted in support of the motion for a rehearing, which second part cites to the court various authorities in support of the contention that where the court is not satisfied as to the clearness and correctness of the allegations touching the jurisdictional amount, the court should allow an amendment in order to permit the party seeking the removal to the Federal court to state more fully and distinctly the facts which support those grounds.

Reference is made to various decisions, as follows: Kinney v. Columbia Sav. & L. Asso. 191 U. S. 78, 48 L. ed. 103, 24 Sup. Ct. Rep. 30. This case is one where the amendment

sought was directed solely to the allegation touching the question of diversity of citizenship. The next case cited is that of Parker v. Overman, 18 How. 137, 15 L. ed. 318, in which the question involved in the proposed amendment was that of citizenship or residence. Then comes the case of Carson v. Durham, 121 U. S. 421, 30 L. ed. 992, 7 Sup. Ct. Rep. 1030, where the point involved was very similar to that decided in the case above referred to of Kinney v. Columbia Sav. & L. Asso. 191 U. S. 78, 48 L. ed. 103, 24 Sup. Ct. Rep. 30. That is to say, the point involved was an amendment of the allegation touching diversity of citizenship.

One of the most interesting cases relied upon by counsel is that of Powers v. Chesapeake & O. R. Co. reported in 169 U. S. 92, 42 L. ed. 673, 18 Sup. Ct. Rep. 264. It is true that one of the headnotes in this case states that if sufficient grounds for removal are shown upon the face of the petition and upon the face of the record of the state court, then the petition for removal may be amended in the Federal court by stating more fully and distinctly the facts which support those grounds, but when we examine the decision itself, we find that the action as brought in the state court of Kentucky was not a removable one until after the time prescribed by local statute or by a rule of the state court for answering the declaration; but thereafter the action became a removable one by reason of diverse citizenship of the parties, because it had been discontinued in the state court against certain defendants, and it was held that the case might properly be removed into the Federal court upon a petition filed immediately after such discontinuance and before taking any other steps in defense of the action. It was specifically stated in the record of this Powers Case that the matter

in dispute exceeded, exclusive of interests and costs, the sum or value of $2,000, which the act of Congress then fixed, instead of $3,000 as at present. No question arose in that case as to amendment of the allegation touching the matter in dispute. It is proper that note should be made of the fact that where a case is properly removable to the Federal court, and the Federal court denies the removal, the right of the party seeking the removal is not lost or impaired by his making a defense in the state court. The closing paragraph of the opinion in this Powers Case states specifically that where the party seeking the removal saves upon the record an objection to the jurisdiction of the state court after being forced to a hearing by that court, he is entitled to have the error in this respect corrected in any court having jurisdiction of the purpose.

We then come to the case of Matarazzo v. Hustis, reported in 256 Fed. 882. Mr. District Judge Ray in this case distinctly holds that the right to remove a cause commenced in the state court is purely statutory. He denied the motion to remand and did allow the petition for removal to be amended, but not with regard to the allegation touching the amount in controversy. It seems that the defendant in the petition for removal alleged that the plaintiff was a citizen of the United States, and believed it to be true at the time he so stated. He thereafter learned that the plaintiff was an alien, and was allowed to amend his petition to accord with the facts. Therefore, there is clearly nothing in that case to authorize this court to grant a rehearing in the present case.

We next come to the case of Kennedy v. Bank of Georgia, 8 How. 586, 12 L. ed. 1209, and we find that the amendment

was made in this case by the consent of counsel. Such consent is not present in the case now before me.

The next case cited is that of Denny v. Pironi, reported in 141 U. S. 121, 35 L. ed. 657, 11 Sup. Ct. Rep. 966. This case, like the others above cited, touches upon averments in the pleadings upon the question of diverse citizenship. There is not a word in this decision upon the subject of an amendment touching the amount in controversy.

The next case cited by counsel for Luce & Company is that of Fitchburg R. Co. v. Nichols, 29 C. C. A. 464, 50 U. S. App. 280, 85 Fed. 869. In this case there had been a verdict and judgment by the U. S. district court in Massachusetts in an action for damages originally brought in that court. The railroad company took a writ of error to the circuit court of appeals for the first circuit, and it was held that where the allegation of citizenship was defective the same might be corrected on appeal, so as to sustain the jurisdiction by the consent of both parties. It was also held that in the absence of such consent the judgment should be reversed, but the verdict should not be set aside, because the court below might allow an amendment in accordance with the facts, giving the adverse party an opportunity to meet the issue raised if he be so advised. There is not a word in this opinion touching the question of the power of the Federal court to allow an amendment of the allegation touching the amount in controversy.

The last case cited by counsel for Luce & Company is that of Ayers v. Watson, 137 U. S. 584, 34 L. ed. 803, 11 Sup. Ct. Rep. 201. In this case there was a refusal to remand, followed by a decision on the merits, and the Supreme Court of the United States held that there was no error by the district court

in its refusal to remand. I fail to see how the decision in Ayers v. Watson has any bearing whatever upon this matter of a motion for a rehearing.

In § 397 of his recent work on Federal Jurisdiction & Procedure, by Judge John C. Rose, now a member of the circuit court of appeals for the fourth circuit, he discusses the question as to when and how a petition for removal is amendable. The cases that he cites are all instances of amendments with respect to the citizenship of one or more of the parties to the suit; and he goes on to say in the closing paragraph of §. 397 that since the decisions referred to by Judge Rose Congress has removed all obstacles in the way of amendments required to show the existence of the necessary diversity of citizenship at the time the suit was brought or removed. Also that where the facts justify it, such amendments may be made even in an appellate court. In the footnote he refers to § 274 c of the Judicial Code, which provides as follows: "That where, in any suit brought in or removed from any state court to any district of the United States, the jurisdiction of the district court is based upon the diverse citizenship of the parties, and such diverse citizenship in fact existed at the time the suit was brought or removed, though defectively alleged, either party may amend at any stage of the proceedings and in the appellate court upon such terms as the court may impose, so as to show on the record such diverse citizenship and jurisdiction, and thereupon such suit shall be proceeded with the same as though the diverse citizenship had been fully and correctly pleaded at the inception of the suit, or, if it be a removed case, in the petition for removal. 38 Stat. at L. 956, chap. 90, Comp. Stat. § 1251 c, 5 Fed. Stat. Anno. 2d ed. p. 1059.

The conclusion to my mind is irresistible that, inasmuch as Congress has specifically provided for cases of amendment with respect to allegations of citizenship, the Federal district court, to which the cause has been removed from the Insular district court, should hesitate about allowing amendments with respect to necessary features of the case, aside from that of diverse citizenship. In other words, I find no statute, and I find no decision cited by Judge Rose, referring to amendments of the allegation respecting the amount in controversy.

In December, 1885, when the distinguished justice of the United States Supreme Court, Hon. David J. Brewer, was the circuit judge for the eighth circuit, he delivered an opinion in the case of Kansas v. Bradley, reported in 26 Fed. 289. In the closing paragraph of his opinion on page 292, I find the following words: "It must be remembered that in questions of doubt as to jurisdiction the Federal courts should remand. They should not be covetous but miserly of jurisdiction. The state court had originally unquestioned jurisdiction. The over-burdened docket of this court should not be loaded with re-moved cases unless the jurisdiction is clear and the mandates of the law imperatively require it."

It seems to me clear that I can do no better than to follow what seem to me to be the sound doctrines established by Judge Rose and by the late Judge Brewer. Being so convinced, the petition for rehearing must be denied, and it is so ordered.

To this order and opinion counsel for Luce & Company except.

Done and Ordered in open court at San Juan, Porto Rico, this 9th day of January, 1924.