Melvin E. ADAMS, Plaintiff-Appellant,

Roadway Express, Inc., Plaintiff-Intervenor,

v.

J.W. JONES CONSTRUCTION COMPANY, Defendant-Appellee.

No. 81–1598.

United States Court of Appeals, Tenth Circuit.

March 31, 1983.

Smith, Ranson & Gilstrap, Albuquerque, N.M., and Lampkin, Wolfe, McCaffrey & Tawwater, Oklahoma City, Okl., for plaintiff-appellant.

Mark B. Thompson, III, of Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, N.M., for defendant-appellee.

Before HOLLOWAY, McWILLIAMS and BREITENSTEIN, Circuit Judges.

McWILLIAMS, Circuit Judge.

This appeal is submitted on the briefs, both parties having waived oral argument.

This is a personal injury suit. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. The issue is whether the district court abused its discretion when it denied a Fed.R.Civ.P. 60(b) motion. We conclude that the district court did not abuse its discretion and therefore affirm.

Melvin E. Adams (Adams), a resident of Oklahoma, was injured when the rig he was driving went off an interstate highway in New Mexico. Adams brought suit against the J.W. Jones Construction Co. (Jones), which was repairing the interstate at the time of the accident. Adams claimed that Jones' failure to give adequate warning of the ongoing repairs was the proximate cause of his accident.

Subsequently, Jones served interrogatories on Adams. Jones also attempted to depose Adams on several occasions. Adams refused to cooperate with these discovery attempts, and his local New Mexico counsel withdrew from the case for this reason.[1] For the same reason, Jones moved to have the action dismissed with prejudice. The district court granted the motion.

Some two months later, Adams, through his Oklahoma counsel, filed a motion under Fed.R.Civ.P. 60(b) for relief from the district court's earlier judgment. Adams also filed a brief in support of his motion, wherein he alleged that his failure to comply with Jones' requests for discovery was due to medical reasons and that the dismissal of his claim with prejudice was therefore inappropriate. Jones filed a brief in opposition to the motion.

Some time later, the district court advised Adams by letter that a local rule of court required all parties to have local New Mexico counsel. The district court gave Adams thirty days to comply with this rule. In the same letter, the district court directed Adams to submit within thirty days affidavits supporting his claim that he failed to comply with Jones' discovery requests because of medical reasons. Adams neither obtained local New Mexico counsel nor submitted supporting affidavits within the time period set by the district court, or at any time thereafter. Accordingly, the district court denied Adams' Fed.R.Civ.P. 60(b) motion.

■ As noted earlier, the issue in this appeal is whether the district court abused its discretion by denying Adams' Fed.R.Civ.P. 60(b) motion.[2] In this regard, we note preliminarily that the district court dismissed Adams' action for good cause: Adams completely disregarded Jones' discovery requests, and he never sought a protective order. A dismissal with prejudice would therefore seem appropriate,[3] see, e.g., Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32 (3rd Cir.1979); Brookdale Mill, Inc. v. Rowley, 218 F.2d 728 (6th Cir. 1954), as would the district court's ruling on the Fed.R.Civ.P. 60(b) motion. Any remaining doubt as to the propriety of the

---

1. From that point on, Adams was represented by his Oklahoma counsel.

2. See, e.g., V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 (10th Cir.1979). In other words, our task here is not to review the underlying order of dismissal as such. Rather, it is to ascertain whether the district court's ruling on the Fed.R. Civ.P. 60(b) motion amounted to an abuse of discretion. Of course, the appropriateness of the underlying order of dismissal is an important factor in this appeal.

3. We recognize, of course, that a dismissal with prejudice is a harsh remedy. See Carter v. City of Memphis, 636 F.2d 159 (6th Cir.1980); Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32 (3rd Cir.1979). But where, as here, a party willfully fails to comply with the rules of discovery, a dismissal with prejudice is proper. See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 727 (per curiam), reh. denied, 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976); Robison v. Transamerica Ins., 368 F.2d 37 (10th Cir.1966).

district court's ruling on the Fed.R.Civ.P. 60(b) motion is resolved by the fact that Adams ignored the district court's order pertaining to that motion. Given these circumstances, we conclude that the district court acted well within its discretion in denying the Fed.R.Civ.P. 60(b) motion.

Judgment affirmed.