**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Inez AIKEN, Executrix of the Estate of
L.D. Aiken, Defendant–Appellant.**

**No. 86–6272.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 15, 1988.

Decided Feb. 16, 1989.

Roger R. Cowden (argued), Fowler, Measle and Bell, Elizabeth S. Feamster, Lexington, Ky., for defendant-appellant.

Louis DeFalaise, U.S. Atty., Lexington, Ky., and David B. Parks and Courtney W. Shea (argued), Sp. Asst. U.S. Attys., U.S. Dept. of Interior, Knoxville, Tenn., for plaintiff-appellee.

Before MARTIN, GUY and NELSON, Circuit Judges.

PER CURIAM.

The appellant, Inez Aiken, Executrix of the Estate of L.D. Aiken, appeals a district court order denying motions to dismiss and for relief from a permanent injunction entered against her husband, prior to his death, in an action brought by the United States under the Surface Mining Control

and Reclamation Act of 1977, 30 U.S.C. §§ 1201–1328. Mrs. Aiken raises four issues: (1) whether the judgment abated with her husband's death; (2) whether it was improper for the government to sue Mr. Aiken individually, rather than suing the Aiken Mining Company; (3) whether the district court should have granted relief from the judgment for "excusable neglect" consequent upon Mr. Aiken's illness at the time of the suit; and (4) whether a state statute of limitations bars the substitution of Mrs. Aiken for the decedent. We are not persuaded that Mrs. Aiken is entitled to prevail on any of these issues.

## I

Mr. L.D. Aiken formed the Aiken Mining Company in August of 1977. He was the company's sole shareholder and sole director. In July of 1979 the U.S. Interior Department issued a cessation order, directed to the Aiken Mining Company, for mining without a permit and for failing to provide for control of runoff from the company's surface mine site, in violation of the Surface Mining Control and Reclamation Act. A Notice of Violation was issued for other alleged violations of the Act.

On August 29, 1983, the United States filed a complaint in the United States District Court for the Eastern District of Kentucky against L.D. Aiken, doing business as Aiken Mining Company. The suit was brought to compel Mr. Aiken to reclaim the coal mine site. Mr. Aiken did not respond to the complaint in any way, and the District Court entered a default judgment on April 7, 1984. A permanent injunction was granted ordering Mr. Aiken to correct the outstanding violations at the mine site.

On June 26, 1984, Mr. Aiken's physician sent the U.S. Attorney a letter informing him that Mr. Aiken was suffering from a severe cancer and would be unable to appear in court. Mr. Aiken died on July 15, 1984.

On February 25, 1985, the United States moved to substitute Inez Aiken, widow of Mr. Aiken and executrix of his estate. The court granted the substitution, and Mrs. Aiken was served with copies of the complaint, the default judgment, and the permanent injunction. She subsequently filed a motion to dismiss, a motion for relief from the judgment, and a motion to set aside the permanent injunction. All of these motions were denied. Mrs. Aiken appealed.

## II

■ Mrs. Aiken claims first that the injunction should not be binding upon her because the action abated upon her husband's death.

The action did not abate, in our view, whether or not it would have done under other circumstances, because Mr. Aiken's death occurred after final judgment had been entered. "A cause of action ceases to exist on being merged in a judgment or decree, and so long as the judgment or decree remains in force the doctrine of abatement is without application." *F.A. Manufacturing Company v. Hayden & Clemons*, 273 F. 374, 378 (1st Cir.1921). As one Florida court explains, "it is a legal impossibility—a complete contradiction in terms—for a judgment to 'abate.' Judgments may be reversed, set aside, or vacated but they cannot be 'abated'...." *Variety Children's Hospital v. Perkins*, 382 So.2d 331, 337 (Fla.App.1980).

■ Mrs. Aiken contends, alternatively, that Mr. Aiken's estate is not a proper party because the government ought to have sued Aiken Mining Company and not L.D. Aiken individually. The original cessation order was issued to the Aiken Mining Company, Mrs. Aiken notes, and the government failed to adduce any facts that would justify piercing the corporate veil.

This contention is without merit. 30 U.S.C. § 1271(c) authorizes the Secretary of the Interior to request the Attorney General to institute a civil suit "whenever such permittee *or his agent* ... violates or fails or refuses to comply with any order or decision issued by the Secretary under this chapter...." (Emphasis supplied.) In *United States v. Dix Fork Coal Co.*, 692 F.2d 436 (6th Cir.1982), we concluded that an "agent" for purposes of § 1271(c) is the

same as an agent under the Coal Mines Health and Safety Act, 30 U.S.C. §§ 801 *et seq.*, and is subject to suit as such. The latter Act defines an "agent" as "any person charged with responsibility for the operation of all or a part of a coal mine or the supervision of the miners in a coal mine." 30 U.S.C. § 802(e). Applying this definition, *Dix Fork* held that "a § 1271(c) 'agent' includes that person charged with the responsibility for protecting society from the adverse effects of the surface coal mining operation and particularly charged with effectuating compliance with environmental performance standards during the course of a permittee's mining operation." 692 F.2d at 440. We think that Mr. Aiken was an agent of the Aiken Mining Company under the holding of *Dix Fork*, and the government's suit against him was procedurally proper. See *United States v. Peery*, 862 F.2d 567 (6th Cir.1988) (corporate president subject to suit under Surface Mining Control and Reclamation Act as agent of the corporation.)

Mrs. Aiken argues that *Dix Fork* is distinguishable because both the mining company and the supposed agent were sued there, while only Mr. Aiken was sued here. We do not see why this should make a difference. In any event, the statute authorizes the Attorney General to sue a "permittee or his agent;" the use of the disjunctive "or" suggests that suing one is not a prerequisite to suing the other. It is surely significant, moreover, that while the Aiken Mining Company was not incorporated in Kentucky until August 24, 1979, as the record shows, the Secretary of the Interior first took note of the violations of the Act on July 2, 1979. No corporation existed for at least part of the time that the violations were occurring.

■ Mrs. Aiken argues that the judgment against Mr. Aiken should be set aside because his illness at the time of the suit compelled a finding of "excusable neglect." A determination on this issue will not be disturbed on appeal, however, unless the trial court has abused its discretion. *Marshall v. Monroe & Sons*, 615 F.2d 1156, 1160 (6th Cir.1980); *H.K. Porter Co. v.*

*Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir.1976).

In support of her theory of excusable neglect, Mrs. Aiken points to a letter, dated June 26, 1984, from Mr. Aiken's physician, stating that Mr. Aiken had been under a physician's care "for many months." But the default judgment and the permanent injunction had been entered over two months earlier, on April 17 and 19, respectively. The letter does not adequately prove that Mr. Aiken's failure to make any response in the seven months prior to entry of the default judgment was due to his illness. Mr. Aiken apparently had retained counsel at least as early as February or March of 1982. The district court did not abuse its discretion in denying the motion. See *Adams v. J.W. Jones Construction Company*, 703 F.2d 483 (10th Cir.1983) (where party failed to submit affidavit that his failure to comply with discovery was due to medical reasons, denial of Rule 60(b) motion for relief from judgment was proper).

■ Mrs. Aiken's final argument is that the action is barred by the statute of limitations. She argues that because the Act itself prescribes no limitations period, the court must look to Kentucky law. She points to K.R.S. 413.120, which establishes a five-year limitations period for actions upon liabilities created by statute and actions for a penalty or forfeiture. Mrs. Aiken says that the present cause of action accrued on July 2, 1979, when the first Interior Department inspection occurred, and she points out that she was not added as a party defendant until March 14, 1985, more than five years later.

Whether or not the Kentucky statute fixes the limitations period, there is no bar because no action was commenced on March 14, 1985. As executrix of the estate of a party to the original action, Mrs. Aiken was simply substituted for that party. The action against Mr. Aiken was timely under any theory, and the substitution was not affected in any way by the statute of limitations.

The judgment of the district court is AFFIRMED.