14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Duane E. LEPHART, Deputy, Plaintiff-Appellant,
v.
FRANKLIN COUNTY SHERIFF'S DEPARTMENT; Earl O. Smith;
Lorenzo D. Farley, Defendants-Appellees.
 No. 93-3447.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1993.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Duane E. Lephart appeals a district court order denying his motion for reconsideration which the court construes as filed under Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Counsel for the parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Lephart filed the underlying complaint against his former employers. He alleged that he was forced to resign from his job after he cooperated with a federal investigation of criminal activity within the Franklin County Sheriff's Department. He also asserted pendent state law claims of handicap discrimination and invasion of privacy.
 
 
 4
 Defendants served Lephart with discovery requests and attempted to depose him on several occasions. Lephart refused to cooperate with these discovery requests, and his counsel withdrew from the case for this reason. Defendants filed a motion for sanctions, including dismissal, for Lephart's failure to cooperate in discovery.
 
 
 5
 In a motion to withdraw his complaint without prejudice, Lephart asserted that financial difficulties and conflicts with his counsel prevented him from pursuing his lawsuit.
 
 
 6
 The district court granted defendants' motion to dismiss under Fed.R.Civ.P. 37(d). The complaint was dismissed with prejudice by a judgment entered on June 30, 1992.
 
 
 7
 Six months later, in a motion for reconsideration filed on December 18, 1992, Lephart sought reinstatement of his suit based on excusable neglect. He once again asserted that financial problems and conflicts with his attorney had prevented him from complying with defendants' discovery requests. The motion was denied.
 
 
 8
 Initially, it is noted that we construe Lephart's post-judgment motion as filed under Fed.R.Civ.P. 60(b) because it was not timely served within ten days after the entry of the district court's final judgment, which is necessary for it to be construed as a timely Fed.R.Civ.P. 59(e) motion to alter or amend the judgment. See Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n. 3 (5th Cir.1991) (per curiam); Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam).
 
 
 9
 Upon review, we conclude that the district court did not abuse its discretion in denying the motion. See In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986).
 
 
 10
 Where a party willfully fails to comply with discovery, dismissal with prejudice is proper. See Adams v. J.W. Jones Constr. Co., 703 F.2d 483, 484 n. 3 (10th Cir.1983). Lephart did not dispute defendants' allegations that he failed utterly to comply with their repeated requests for discovery. In defense of his own actions, Lephart maintained simply that he and his attorney disagreed as to what remedies were available through the lawsuit, that he lacked funds to hire a new attorney, and that he believed it against his interest to appear at a deposition without counsel on his side. The district court was not persuaded by these assertions and granted defendants' motion to dismiss based on Lephart's failure to cooperate. An appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978).
 
 
 11
 In his motion for reconsideration, Lephart claimed relief on grounds of excusable neglect. He alleged facts similar to those asserted in the motion to withdraw the complaint without prejudice; nothing new was asserted. The district court was well satisfied, in the first instance, that Lephart's actions were willful and without excuse rather than neglectful. Because Lephart did not offer any new grounds to justify relief but sought only to relitigate issues already decided, the district court acted within its discretion by denying relief.
 
 
 12
 On appeal, Lephart also argues that the district court judge erred by not recusing himself from this litigation. Lephart is not entitled to review of this issue on appeal because he failed to raise it in the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 13
 Moreover, his request for recusal is not timely. Generally, a motion for recusal should be brought at the first opportunity after discovery of the facts requiring disqualification. See 28 U.S.C. Sec. 144; Smith v. Danyo, 585 F.2d 83, 86 (3d Cir.1978). Apparently, a potential conflict based on the district court judge's alleged friendship with defendant Earl O. Smith was known to Lephart at the time he filed his lawsuit. A party is not permitted to hold back knowledge of possible bias and then seek recusal when favorable rulings are not forthcoming. Smith, 585 F.2d at 86.
 
 
 14
 Lephart correctly states that a judge's failure to recuse himself when required under 28 U.S.C. Sec. 455 may serve as adequate grounds for granting a Rule 60(b) motion. See Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 863-64 (1988). However, Lephart did not argue in his motion for reconsideration that recusal was required. Section 455 does not, on its own, authorize the reopening of closed litigation. Id. at 863.
 
 
 15
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation