109 U.S. 168 (1883)
INDIANA SOUTHERN RAILROAD COMPANY
v.
LIVERPOOL, LONDON & GLOBE INSURANCE COMPANY.
Supreme Court of United States.
Argued October 15th, 1883.
Decided November 5th, 1883.
APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF INDIANA.
*169 Mr. A.L. Roache and Mr. S.A. Huff, for the appellants.
Mr. George Hoadly and Mr. B. Harrison, for the appellee.
MR. CHIEF JUSTICE WAITE delivered the opinion of the court.
These are appeals from a final decree in a suit brought by the Liverpool, London & Globe Insurance Company to foreclose a mortgage given by the Indiana Southern Railroad Company to William H. Swift and Samuel J. Tilden, trustees, to secure an issue of bonds, fifteen hundred of which, amounting in the aggregate to $1,500,000, are held by the insurance company.
The suit was begun in a State court on the 13th of June, 1868, but on the 24th of November, 1871, it was removed to the Circuit Court of the United States for the District of Indiana. Among the defendants, when the removal was made, were the Ohio & Mississippi Railway Company and the Fort Wayne, Muncie & Cincinnati Railroad Company.
The Indiana Southern company acquired its title to the mortgaged property in January, 1866, by purchase at a foreclosure sale of the property of the Fort Wayne & Southern Railroad Company. When this purchase was made, the railroad was in an unfinished condition, and the Indiana Southern company itself abandoned all work upon it early in 1867. A part only of the line was graded by these companies, and no ties or rails were ever laid by either of them. The Indiana Southern company is confessedly insolvent.
After the proceedings for the foreclosure of the mortgage of the Fort Wayne & Southern company had been finished, after the mortgage by the Indiana Southern company to Swift and Tilden had been executed, and after the commencement of this suit for its foreclosure, the Ohio & Mississippi company and the *170 Fort Wayne, Muncie & Cincinnati company each purchased from the Fort Wayne & Southern company a part of the line of that company, the purchasing companies intending to use the property purchased in the construction of their respective roads. They claimed that the proceedings for the foreclosure of the mortgage of the Fort Wayne & Southern company were invalid, and that their title by purchase from that company was superior to the title of the Indiana Southern company and its mortgagees. Upon their purchase they each entered into the possession of their respective portions of the old line, and proceeded to construct and finish their several roads thereon.
On the 12th of September, 1872, Swift and Tilden, the trustees of the Indiana Southern mortgage, filed a cross-bill in the cause, the object and purpose of which was to foreclose the mortgage for the benefit of all bondholders, and to quiet their title as against the adverse claims of the Ohio & Mississippi and Fort Wayne, Muncie & Cincinnati companies. The Indiana Southern company has never answered either the bill or the cross-bill, and on the 24th of September, 1872, an order was entered in due form that the bill and cross-bill be taken as confessed by that company. On the 14th of November, 1873, a reference to a master was ordered to ascertain and report the amounts due to bondholders on the Indiana Southern mortgage. On the 18th of December, 1873, the Ohio & Mississippi and Fort Wayne, Muncie & Cincinnati companies each filed answers to the bill and cross-bill, setting up their respective titles and what they had done pending the suit in the construction of their roads upon and over a part of the original right of way and grading of the Fort Wayne and Southern company. Before this time, an agreement of compromise had been entered into between the insurance company and the two purchasing railroad companies, to take effect if all the other parties in interest should give their assent. This assent does not appear to have been obtained.
On the 21st of April, 1877, the master made a report, stating the amounts due the several bondholders who had proven their claims before him, and on the 17th of May the Indiana Southern company filed exceptions to all his allowances. On *171 the 2d of January, 1878, the same company appeared and moved to set aside the order referring the case to the master, and also for leave to file a cross-bill, the prayer of which was, 1, that the insurance company be required to take issue on the answers of the two railroad companies; 2, that the Indiana Southern company might have leave to do the same thing; and 3, that a receiver be appointed to take the possession of the property from the two companies, and hold it pending the suit. Leave to file this cross-bill was refused, but no action was taken directly on the motion to set aside the order of reference.
On the 2d of July, 1879, William H. Guion, claiming to have an interest in the bonds held by the insurance company, filed a petition to be admitted as a party to the suit for his own protection. This petition was denied.
On the 28th of July, 1880, both the trustees and the insurance company filed replications to the answers of the two railroad companies and the cause was thereupon submitted to the court, by all the parties who had appeared and pleaded, on the original and cross-bills, the answers thereto, the replications and proofs; and on consideration a decree was entered, finding due to the insurance company the full amount of the bonds held by it, principal and interest, being more than two millions of dollars, and to the other parties who had presented their claims the sums reported in their favor respectively by the master. It then ordered a sale of the mortgaged property, subject "to the right of the Ohio & Mississippi Railway Company and the Fort Wayne, Muncie & Cincinnati Railroad Company, to remove from said right of way or real estate any ties, rails, and other structures by them respectively placed thereon, or, by proceedings under their power of eminent domain, to appropriate such portions of said right of way used and possessed by them respectively, on making compensation therefor in accordance with law."
From this decree the Indiana Southern company took an appeal, giving security for costs only. Guion was also allowed an appeal on giving bond and security for costs, but the transcript does not show that he ever gave the bond.
*172 The objections made to the decree by the Indiana Southern company are:
1. Because leave was refused the company to file its cross-bill;
2. Because the amounts found due the respective bondholders were not supported by sufficient evidence; and 
3. Because of the reservations in favor of the Ohio & Mississippi and Fort Wayne, Muncie & Cincinnati companies.
The objection of Guion is that he was refused leave to become a party to the suit.
As to the first objection of the railroad company, it is sufficient to say that it was, under the circumstances, clearly within the discretion of the court to refuse leave to file the cross-bill. The object of the railroad company was to get replications to the answers of the two intervening, or, as they are called in the argument, intruding railroad companies, and the appointment of a receiver. The replications were afterwards filed by the insurance company and the trustees, and the case was clearly not one in which the appointment of a receiver would have been proper. If it had been, no cross-bill was necessary to get the appointment. The Indiana Southern company was a party to the suit, and could move in that particular as well without as with a cross-bill.
As to the second objection. While this point is made in the assignment of errors, it was not mentioned in the argument. The evidence presented to the master in support of the claims of the several appearing bondholders has not been sent up. The master says they each presented sworn statements of their title, and also presented and filed with him their bonds and coupons. As no objections were made to any of the proof, the claims were allowed as presented. Under these circumstances, we cannot review the decree in this particular.
As to the third objection. The railroad company has alone appealed. The bondholders and trustees under the mortgage are satisfied with the decree as it has been entered. The railroad company has no other property which can be subjected to the payment of the balance of the mortgage debt remaining due after the mortgage is exhausted, and if the mortgagees are *173 satisfied with the security as it has been adjudged to them, we see no reason for inquiring, on the suggestion of the railroad company only, at this late day, whether they might not have had more.
The decree is affirmed.