### FITZGERALD *v.* EVANS.

*(Circuit Court of Appeals, Eighth Circuit. February 1, 1892.)*

1. RECORD ON APPEAL—PRESUMPTIONS.
   The circuit court of appeals cannot take knowledge, actual or judicial, of what may appear upon the records of the district and circuit courts within the boundaries of the judicial circuit, and to support the right of appeal cannot assume the existence of necessary facts which do not appear of record in such court.

2. SAME—DISMISSAL.
   On appeal from an allowance of a claim in railway mortgage foreclosure proceedings, by one styling himself "the purchasing trustee of defendant's property," it did not appear from the record that the property had been sold under the decree, or what interest or right appellant had in the proceedings, for whom he was trustee, or that the moneys out of which the claim was paid were a part of any fund in which he had an interest. *Held*, that the appeal should be dismissed, appellant not showing by the record any right to appeal.

3. FORECLOSURE OF RAILROAD MORTGAGE—INTERVENTION.
   In cases of railway foreclosures, where the property is sold before the rights of intervening parties are determined, and by the terms of the decree the court reserves full power to hear such matters after the sale, and subject the property or its proceeds to the payment of claims finally adjudged to be prior to the mortgage lien, the proper practice is for the purchaser, upon confirmation of the sale, to make himself a party to the foreclosure proceedings by filing a supplemental bill or petition of intervention, and, if a non-resident, to appear by attorney; and, where the purchaser fails in such particular, the court should compel him to be. made a party to the record.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

Bill by the Central Trust Company of New York against the St. Louis, Arkansas & Texas Railway Company to foreclose a mortgage upon defendant's road. Louis Fitzgerald appeals from the allowance of a claim of Annie Evans out of the fund in court. Dismissed.

*S. H. West* and *J. M. & J. G. Taylor*, for appellant.

*Oscar D. Scott*, for appellee.

Before SHIRAS and THAYER, District Judges.

SHIRAS, District Judge. This cause is now before us on a motion to dismiss the appeal, and an examination of the record discloses the following to be the position in which the matter stands before this court:

In May, 1889, the Central Trust Company of New York filed in the circuit court of the United States in the eastern district of Arkansas its bill in equity against the St. Louis, Arkansas & Texas Railway Company, for the purpose of foreclosing a mortgage upon the road of said company in the state of Arkansas, and averring therein that said trust company had previously filed a bill in the circuit court for the eastern district of Missouri, for the purpose of foreclosing the mortgage upon that portion of the line of railway that was situated in the state of Missouri. Receivers of the property were appointed in the usual mode, and with the usual powers, and orders were made consolidating several proceedings for the foreclosure of different mortgages upon the line of railway. On the 15th day of July, 1890, a decree of foreclosure was entered in the circuit court for the eastern district of Arkansas, a like decree being also entered in the circuit court for the eastern district of Missouri, in which it was provided that the mortgaged property should be sold by a master under the provisions and restrictions in said decree contained, which, among other things, expressly provided that all debts incurred by the receivers in operating the property under their charge, and all debts contracted by the railway company before the suit for foreclosure was filed, which might be adjudged by the United States circuit courts to be entitled to a preference over the mortgage debt, and all claims pending, or which might be thereafter brought, and which should be adjudged to be prior to the mortgage lien, should be entitled to be paid out of the proceeds of the sale before payment was made to the holders of the mortgage bonds; and by section 8 of the decree the circuit court for the eastern district of Arkansas expressly reserved to itself jurisdiction, as against the parties to the foreclosure proceedings and the purchaser at the contemplated sale, to hear and adjudicate all pending claims, and all claims thereafter to be filed, and to determine the priority thereof, and to provide for the payment thereof, to which end the court reserved the right to retake possession of the property ordered to be sold; it being further provided that the parties to the suit and the purchaser under the decree should have the right to appear and contest the validity or priority of all claims, with the right to appeal in all cases where by law an appeal could be taken. It further appears from the record on file that one Annie Evans recovered a judgment in the circuit court for the eastern district of Arkansas, at Texarkana, for the sum of $1,991 and costs, and on the 7th day of February, 1891, made application to the circuit court for the eastern district of Arkansas, at Little Rock, for an order directing the payment of the claim out of the fund in court; and upon the hearing of the application, counsel for the intervener and for the receivers appearing and being heard, the order asked was granted, and a check for the amount was drawn on the fund in court and paid for the benefit of Mrs. Evans. The record further shows that one Louis Fitzgerald, on the 13th day of April, 1891, describing himself as "the purchasing trustee of defendant's property," filed in the circuit court at Little Rock an assign-

ment of errors, based upon the allowance of the claim of Mrs. Evans, and prayed that an appeal should be allowed "to said Louis Fitzgerald, purchasing trustee," and, the same having been allowed, the present record was filed in this court.

It will be noticed that the record before us contains no evidence that the mortgaged property has yet been sold under the terms of the decree above recited. This court cannot take knowledge, actual or judicial, of what may appear upon the records of the numerous district and circuit courts that are within the boundaries of the eighth judicial circuit. We can act only upon such facts are made to appear in the proper mode by the record before us, and, to support a right of appeal, we cannot assume the existence of necessary facts which do not appear of record in this court. This court does not know who "Louis Fitzgerald, purchasing trustee of the property of defendant," is, nor what interest or right he has in the matter of the foreclosure proceedings against the St. Louis, Arkansas & Texas Railway Company. It is not shown that a sale of the mortgaged property had taken place, and that Louis Fitzgerald had become the purchaser at such sale, and therefore was entitled to the rights reserved to such purchaser. The only averment is that found in the petition for appeal, in which he is described as the purchasing trustee of defendant's property; but this does not show that he has yet bought the property, or, if bought, how he bought the same, nor whether he bought as the representative of the bondholders. In other words, the record wholly fails to show that Fitzgerald has acquired any such interest in the property affected by the foreclosure decree, or in the questions therein reserved for future action by the court, as entitles him to question in any court the rightfulness of the order now complained of. Furthermore, the record shows that the order made upon the application of Mrs. Evans was to the effect that the same be paid by the receivers "out of the first moneys coming into their hands applicable to that purpose;" and if it be true, as stated in the assignment of errors, that the claim has been paid, it is not made to appear that the moneys out of which it was paid were part of any fund in which the present appellant had an interest. As the record, therefore, wholly fails to show that Louis Fitzgerald has any interest in the foreclosure proceedings, in the property covered by the mortgage foreclosed, or in the fund out of which the claim of Mrs. Evans was ordered to be paid, it fails to show that he is entitled to prosecute the present appeal. If by any means he had become interested in the proceedings or in the property affected thereby, and desired to be heard, either in the trial or appellate court, in opposition to the allowance and payment of the claim of Mrs. Evans, he should, by petition, have intervened in the cause, and have obtained recognition as a party in interest. See *Ex parte Cutting*, 94 U. S. 14. No such action, so far as the record before us discloses, was taken by him in the court below, and the record before us wholly fails to show that Fitzgerald has any interest in the matter sought to be presented by the appeal. It cannot be expected that this court will en-

tertain appeals or writs of error on behalf of strangers to the proceedings, and it follows that this appeal must be dismissed, for the reason that it does not appear that the appellant has the right to appeal.

In view of the action we have felt compelled to take in this matter, we deem it advisable to call attention to the practice that should be followed in cases of railroad foreclosures, where a sale of the property is had before the rights of all intervening parties are determined, and where, by the terms of the decree, the court reserves full power to hear such matters after the sale, with the right to subject the property and its proceeds to the payment of claims finally adjudged to be prior to the lien of the mortgage. When a sale is made under a decree of the kind described, it is the duty of the purchaser, upon a confirmation of the sale, to make himself a party to the foreclosure proceedings, by filing therein a supplemental bill or petition of intervention, setting forth the fact that he has, by purchase of the property, become a party in interest, thus showing that he has become subject to the burdens and entitled to the benefits of the decree under which he has purchased the property. Furthermore, if the purchaser does not reside within the territorial limits of the jurisdiction of the court, he should appear by an attorney who is a member of the bar of the court having charge of the foreclosure proceedings, so that when need arises the court may be enabled to have before it all persons interested in resisting the allowance or payment of claims which are asserted to be entitled to priority of payment. It not unfrequently happens that the purchasers at railway foreclosure sales may reside at distant points, and without the jurisdiction of the court. If the purchaser who thus resides at a distance does not become a party to the record, and have an attorney representing him, upon whom service may be made, the court and litigants are put to a great disadvantage in disposing of the claims asserted against the property or its proceeds. Many of the claims are of small amounts, and if, before the same can be allowed and paid, it is necessary to procure orders for service upon a purchaser living in New York, or some other distant point, and to complete such service at his place of residence, the expense thereof will eat up the claim. It is due to the court, and necessary for the prompt and inexpensive disposition of claims of the nature indicated, that the purchaser shall become a party to the record, and subject himself to the jurisdiction of the court in the manner indicated. If the purchaser fails in this particular, then the court having jurisdiction of the foreclosure proceedings should, by appropriate action, compel the purchaser to become a party to the record, in order that the business of winding up the foreclosure case and finally settling the rights of all interested may be proceeded with in an orderly way. If a purchaser at a foreclosure sale makes himself a party to the record in the manner indicated, then it will be the duty of the circuit court to cause notice to be given him before passing upon intervening claims, or directing their payment from the fund in court, and thus full opportunity will be afforded to all parties in interest to be heard for the protection of their rights. It may be, in the present cause, that this

course has been in fact pursued, but the record now before us fails to show it, and hence we are compelled to dismiss the appeal, because it is not made to appear that Louis Fitzgerald has any interest in the controversy, or any right to take an appeal from the order directing payment to be made of the claim of Mrs. Evans.