## REID v. JUDGES OF CIRCUIT COURT OF UNITED STATES FOR EASTERN DIST. OF VIRGINIA.

(Circuit Court of Appeals, Fourth Circuit. November 29, 1909.)

### No. 942.

APPEAL AND ERROR (§ 148*)—MORTGAGES—FORECLOSURE.

Where a railroad stock and bond holder was not a party to an original suit to foreclose a mortgage on the railroad's assets to secure outstanding bonds, and the decree of foreclosure reserved from the sale all choses in action, assets, and rights which might be had by reason of petitioner's allegations in an intervening petition asking for an investigation as to the issue of certain first and refunding bonds and the sale of preferred and common stock of the railroad, petitioner was not entitled to appeal from the decree of foreclosure.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 925; Dec. Dig. § 148.*]

Petition for mandamus by Fergus Reid against the Judges of the Circuit Court of the United States for the Eastern District of Virginia. Writ denied.

Robert B. Tunstall and T. S. Fuller, for petitioner.

Edward R. Baird, T. L. Chadbourne, and Frederick Hoff, for respondent.

Before GOFF and PRITCHARD, Circuit Judges, and BRAWLEY, District Judge.

PER CURIAM. The petitioner prays that this court will by its writ of mandamus direct the Circuit Court of the United States for the Eastern District of Virginia to allow him to appeal from a decree of foreclosure entered by that court, in the consolidated cause in equity, Trust Company of America v. Norfolk & Southern Railway Company, on the 13th day of October, 1909 (174 Fed. 269), and also requiring that court to permit him to file an amended and supplemental petition in said cause.

We have fully considered the questions presented by the petition, the exhibits filed therewith, and the answer thereto, and have heard counsel thereon. It appears that said Circuit Court in the consolidated cause mentioned, which had been duly matured for hearing, found that the first and refunding mortgage, in the proceedings of that cause fully described, was a valid and subsisting mortgage and lien upon all the property, rights, privileges, and franchises of the Norfolk & Southern Railway Company; that there had been duly authorized, certified, and issued, under said mortgage, bonds of the aggregate principal sum of $15,000,000, all of which were outstanding, valid obligations of the defendant, on which the interest due was in de-

fault, because of which the trustee, as authorized by the terms of the mortgage, had declared all the bonds secured by it due and payable; that said court on the 14th day of October, 1909, after a full hearing had, all the parties in interest being before it, entered the decree of foreclosure from which petitioner desires to appeal. It further appears that petitioner on the 29th day of September, 1909, tendered his petition to said court, in which certain charges relating to the issue of the first and refunding bonds and to the sale of the preferred and common stock of the Norfolk & Southern Railway Company were made and submitted to the court, with the prayer that they be referred to a master for examination and report. The court permitted this petition to be filed. On the day preceding the date of the decree of foreclosure, petitioner tendered his amended and supplemental petition, which, by an order of the court then made, was not permitted to be filed. In this amended petition, the charges set forth in the original are relied on, and other and additional allegations are made; but we do not deem it necessary to set them forth in detail in the disposition of this motion, as all of said matters were by the court below referred to a master for investigation and report, and are yet to be disposed of.

The original petition did not ask that petitioner be made a party to the suit; but it claimed that there were certain choses in action to which the defendant company was entitled, and concerning which the petitioner desired an investigation. Such investigation was duly ordered, and in the decree of foreclosure there is an express reservation from sale of all choses in action, assets, and rights which might be had by reason of the allegations made by petitioner. We see no reason why petitioner should be allowed to appeal from the decree mentioned. He had not been made a party to the suit, at least in the sense that justified his asking for an appeal. Individual bondholders, under the rules of procedure in such matters, are not permitted to intervene, except in certain cases, of which this is not one; for the record shows that petitioner, as bondholder and as stockholder, is adequately protected in the decree of sale, and that he has been and now is properly represented in the court to which he desires the writ of mandamus to go. The Circuit Court properly denied the appeal asked for, and it did not err in refusing to permit the amended and supplemental petition to be filed.

The writ asked for is refused.