### In re PHŒNIX DRESS CO.

### FICHAUX v. HELLER.

### No. 8016.

Circuit Court of Appeals, Seventh Circuit.

Dec. 4, 1942.

A. L. Skolnik, of Milwaukee, Wis., for appellant.

L. L. Rieselbach, of Milwaukee, Wis., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court, entered March 2, 1942, in a bankruptcy proceeding dismissing appellant's petition for review because he was not a party in interest or a person aggrieved within the meaning of Paragraph 67, sub. c, Title 11 U.S.C.A. The petition sought to review an order of the referee disqualifying petitioner from voting for a trustee on behalf of creditors which he represented.

The District Court, in dismissing appellant's petition, stated as follows:

"The motion before the court is to dismiss said petition because, on the face of the petition, Mr. Fichaux is not a party in interest or an aggrieved person within the contemplation of the bankruptcy act. The petition recites that the petitioner Fichaux is the one who is aggrieved, and the verification of the petition shows that same is made in his own behalf. There appears to be no authorization by any of the creditors for Mr. Fichaux to act for them in the matter of such a review. In as much as the petitioner is not an interested or aggrieved party, the motion to dismiss must be granted."

The record discloses that creditors of the bankrupt were solicited by letter to execute a power of attorney designating appellant as their agent for the purpose of se-

lecting a trustee. The letters contained the following provision:

"The power of attorney being given is merely for the purpose of voting your claim for the nominee of your committee, for trustee in bankruptcy and the attorney in fact will be guided by your committee. It is understood that no other powers are to be vested in the Attorney-in-Fact * * *" Powers of attorney were executed in conformity with U. S. Supreme Court form 18, authorizing appellant "to attend all meetings of creditors' of the bankrupt * * * and in the name of the undersigned * * * to vote for a trustee * * * to accept any arrangement * * * and to receive payment of dividends * * * and for any other purpose in the undersigned's interest whatsoever * * *."

Appellant's petition for review is entitled "The petition of Louis E. Fichaux." It recites, among other things, that he appeared before the referee on behalf of certain designated creditors and that the referee erroneously disqualified petitioner from voting for trustee on behalf of such creditors. The prayer for review recites, "Wherefore, your petitioner, feeling aggrieved, etc.," and the petition is signed by appellant in his individual capacity. Notice of appeal, as well as appeal bond, is signed by appellant individually. In this court, however, appellant styles himself "attorney in fact for 71 creditors."

We agree with the District Court that appellant individually was not a person aggrieved by the referee's order, within the language of the statute above noted. There are two answers to appellant's contention that he was entitled to a review as the attorney in fact for the creditors: (1) The review was not sought in such capacity, and (2) even if it had been, such authority was not contained in the power of attorney. Notwithstanding appellant's argument that a bankruptcy proceeding is equitable and looks to substance rather than form, we know of no reason why the right to review in a bankruptcy matter is any different from a right to appeal in a law action. We think it is too plain to require the citation of authority that in the latter an appeal can be taken only by a party to the suit or by some one duly authorized for that purpose.

We are cited to no authority and find none directly in point on the instant ques-

tion. We are convinced, however, that the order of the District Court was proper, and it is affirmed.