PORTER, Administrator, Office of Price Administration, v. PURE OIL CO.

Civil Action No. 5148.

District Court, E. D. Pennsylvania.

Oct. 15, 1947.

See also 5 F.R.D. 300.

Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

David T. Searls, J. D. Head, and Vinson, Elkins, Weems & Francis, all of Houston, Tex., and Charles E. Kenworthey and Schnader, Kenworthey, Segal & Lewis, all of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The defendant has filed a motion for an order dismissing this action as abated on the ground that no showing was made within six months after Philip B. Fleming took office, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, that there was a substantial need for continuing and maintaining this action.

The action was originally brought by "Chester Bowles, Administrator, Office of Price Administration, for and on behalf of the United States," in pursuance of Sec. 205(e) of the Emergency Price Control Act, 50 U.S.C.A. Appendix, § 925(e), which provided, in respect of suits against violators, that "the Administrator may institute such action on behalf of the United States." By stipulation of parties, after Bowles's resignation, Paul A. Porter was substituted.

On December 12, 1946, the President, acting under the authorization of the First War Powers Act, 1941, 50 U.S.C.A. Appendix, § 601 et seq., transferred to the Office of Temporary Controls all functions of the Office of Price Administration and, on the same day, Porter resigned and Fleming was appointed Temporary Controls Administrator. He thus became to all intents the successor in office of Porter, who was at the time at least nominally, a party to the suit.

On June 1, 1947, again acting under the First War Powers Act, the President issued Executive Order 9842, 50 U.S.C.A. Appendix, § 925 note. This order in effect transferred to the Attorney General one of the functions of the Office of Temporary Controls, namely, that of conducting, initiating and maintaining litigation against violators of price control regulations. The order authorized and directed the Attorney General in the name of the United States (not in his own name and not on behalf of the United States) to conduct such litigation. The other functions of the Agency were not affected by the order and remained vested in Fleming until June 30, 1947, when the Emergency Price Control Act expired and most of them ceased to exist. However, that statute provided as to "rights or liabilities incurred, prior to such termination date * * * regulations, orders, price schedules, and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit * * * with respect to any such * * * liability * * *." 50 U.S.C.A. Appendix, § 901. This proviso operated to keep alive the liability on which this action is based.

There had been no substitution, in the present action, of Fleming for Porter, under Rule 25(d), when Executive Order 9842 became effective. Had no such order been made it would undoubtedly have been necessary to comply with the Rule and make the substitution before June 12, 1947, in order to save the action from abating, provided, of course, it was of a type to which the Rule applied. However, the order was made, and after it issued Fleming no longer

had anything to do with this, or any other, pending action, all function, authority and control in respect of it having been taken away from him and vested in the Attorney General. Fleming did not vacate his office as Administrator of Temporary Controls but retained and continued to exercise all other functions and hence the Attorney General could not have been his successor in office. Nor need it be said that the United States, in whose name the action was thereafter to be conducted by its law officer, the Attorney General, was not Mr. Fleming's successor.

No substitution being possible, it must follow, if the defendant's argument be adopted, that an executive order providing for the continued prosecution of suits to enforce liabilities intended to be kept alive by a specific provision of the statute creating them, actually extinguished the suits. The situation would be exactly the same, although the anomaly would be more striking, if Executive Order 9842 had been issued (as it could have been) the day after Fleming took office. In such case not merely a few but practically every suit would have been extinquished and the purpose of Congress in extending the liability of violators of the Emergency Price Control Act wholly defeated. I cannot subscribe to so absurd a conclusion.

Either Executive Order 9842, having the force of law, supersedes Rule 25(d) as to the suits to which the Order applies, or, in these suits, the United States is and always has been the real plaintiff and the Executive Order, making form conform to substance, has merely removed the nominal plaintiff. I prefer the latter view, although if it be not adopted the former is valid.

The mere presence on the record of the Administrator's name does not necessarily bring the action within the scope of the Rule. Even before the Act of 1899 on which the Rule was based, it was recognized that there was a class of actions which did not abate upon the resignation or death of the officer in whose name they were brought or defended. Thompson v. United States, 103 U.S. 480, 483, 484, 26 L.Ed. 521. Where, as here, the right to be enforced belongs to the United States and not to the officer in either his private or official capacity, I am satisfied that the action belongs to that class. For purposes of identification and classification the Government found it convenient to avail itself of the privilege given by the Act and bring the suits in the name of the Administrator, but that was a mere procedural expedient and did not affect the nature of the action or the identity of the real party plaintiff.

The motion is denied.