BOWLES, Price Administrator, v. BLUE RIBBON PROVISIONS, Inc.

Civil Action No. 4485.

District Court, E. D. New York.

Oct. 28, 1947.

J. Vincent Keogh, U. S. Atty., of New York City (Eli Resnikoff, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Kaufman, Gallop, Climenko, Gould & Lynton, of New York City (Milton S. Gould and Stanley R. Lemler, both of New York City, of counsel), for defendant.

GALSTON, District Judge.

The defendant by motion seeks to dismiss the complaint, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that the cause of action has expired.

The supporting affidavit recites that the action was commenced on or about November 28, 1944; that issue was joined by the filing of defendant's answer on February 26, 1945; that on February 26, 1946, Chester Bowles resigned as Price Administrator of the Office of Price Administration and was replaced by Paul A. Porter. Further, the affidavit states that though "more than six months have passed since the plaintiff's separation from his office, there has been no substitution by motion or otherwise of his successor as party plaintiff," and that there has been no showing of substantial need for continuing the action in his name.

The action is brought pursuant to the Emergency Price Control Act of 1942 as amended, 50 U.S.C.A.Appendix, § 901 et

seq., seeking both injunctive relief and treble damages.

The complaint alleges a violation of Maximum Price Regulation No. 169, relating to beef and veal carcasses and wholesale cuts, and seeks for relief, as the affiant correctly. states, treble damages in the amount of $29,668.50.

The record in this case discloses that on March 28, 1946, Honorable Robert A. Inch of this court signed an ex parte blanket order substituting Paul A. Porter in the place of Chester Bowles in all price administration suits theretofore brought by Bowles or by any of his predecessors, which were then pending in this court. On December 12, 1946, by Executive Order 9809, 50 U.S.C.A.Appendix, § 601 note, 11 Fed.Reg. 14, 281, the Office of Price Administration was abolished, merged and consolidated with three other agencies in the Office of Temporary Controls, and Philip B. Fleming was appointed to head that office, vested inter alia with the functions of the Price Administrator. On April 23, 1947, by Executive Order 9841, 50 U.S. C.A.Appendix, § 601 note, 12 Fed.Reg. 2645, the Office of Temporary Controls was terminated as of June 1, 1947, and its rationing, price control and other functions, records and personnel, were transferred and distributed to and among several administrative bodies. Sec. 402 of the order provides that civil litigation functions "shall be subject to the provisions of the Executive order entitled 'Conduct of Certain Litigation Arising under War-time Legislation,' issued on date of this order and effective June 1, 1947." The executive order referred to, No. 9842, 50 U.S.C.A. Appendix, § 925 note, 12 Fed.Reg. 2646, provides: "The Attorney General is authorized and directed, in the name of the United States or otherwise as permitted by law, to coordinate, conduct, initiate, maintain or defend" civil litigation in respect of causes of action which arise under the Office of Price Administration.

On the basis of an application by the United States Attorney reciting the statutory background and that there was substantial need of continuing and maintaining the civil actions pending in this court brought by the Office of Price Administra-

tion, Judge Inch, by an order dated and filed June 11, 1947, substituted the United States of America as plaintiff in place of Fleming or any of his predecessors in such actions , excepting only those cases dealing with rent, sugar and rice control. Also it appears from the opposing affidavit that on June 20, 1947, on the call of the civil calendar before Judge Inch, under Rule 24 the court extended plaintiff's time to prosecute this action to December 31, 1947.

Perhaps the first reaction to this motion is that despite the fact that the action was brought in the name of Chester Bowles, it certainly was not brought in his name in anything other than his official capacity, and that is true of his successors in office. Behind all of this is the undisputed fact that it is not a personal suit, but one in fact brought by the United States of America. It would be a queer sort of justice to ignore that fundamental issue.

A second reflection stemming from the first is that wholly independently of the name of the officer empowered by the United States of America to bring the suit, the position of the defendant, so far as freedom to interpose any just defense to the cause or causes of action set forth is concerned, is in no way impaired. So here, whether it was Bowles or Porter or Fleming, and whether notice of substitution was given to the defendant, cannot possibly have affected its status in this case, or any of the defenses which it might seek to raise in answer to the allegations of the complaint.

As to the need for going forward with the action, while, of course, no injunctive relief is now possible, the matter is quite different so far as a money judgment in concerned. The United States of America is seeking to obtain from the defendant $29,-668.50. That is sufficient to explain the need for continuing the litigation.

 Moreover I agree with Judge Kennedy of this court who, in the matter of Porter v. Sands, D.C., 74 F.Supp. 494, held that Judge Inch's blanket order of March 28, 1946, substituting Porter as plaintiff in place of Bowles, and the ex parte order of May 27, 1947, enlarging the time of the plaintiff to substitute whomsoever might succeed to the status of Porter,

were orders not open to collateral attack. What the defendant is now attempting is indirectly to vacate Judge Inch's order. An ex parte order by one judge is reviewable by another judge of the same court only when the order sought to be reviewed is directly attacked in a motion to vacate the order.

In Porter, Price Administrator, v. American Distilling Co., Inc., et al., D.C., 71 F.Supp. 483, the action was one to recover treble damages for violation of the Emergency Price Control Act. Cross motions were made, one by the plaintiff to substitute, that of the defendant to declare the action abated. The motion of the plaintiff for substitution of Fleming for Porter was granted, whereas the motion of the defendant for abatement was denied. Judge Bright said it made no difference whether substitution was sought either under Sec. 780 of Title 28 U.S.C.A., or under Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, or under both. Whether "substantial" need existed could best be determined by an examination of the pleadings. That is the situation in this case, and as I have said, there is such need. See Bowles v. Ell-Carr Co., Inc., D.C., 71 F.Supp. 482. See also Bowles v. Weiner, D.C., 6 F.R.D. 540, and Bowles v. Goldman, D.C., 7 F.R.D. 12. The latter case holds that a governmental agency or United States officer is not required to give notice to a defendant before substituting a successor in office, and the court may for cause shown consider an ex parte motion for substitution of a successor of the public officer.

It may be observed that in Fleming v. Mohawk Wrecking & Lumber Co., 331 U. S. 111, 67 S.Ct. 1129, the court allowed substitution of Fleming for Porter, holding the former to be a successor in office of the latter and one who could be substituted under Rule 25 of the Federal Rules of Civil Procedure. Following the decision in that case I granted several motions to substitute Fleming for Porter; see Porter v. Glen Anderson,[1] etc., and Porter v. Dworetzsky [1].

Motion denied. Settle order.

---

[1] No opinion for publication.