**UNITED STATES v. SEIGEL.**

No. 9616.

United States Court of Appeals
District of Columbia.

Argued Nov. 20, 1947.

Decided Feb. 9, 1948.

Mr. Sheldon E. Bernstein, Attorney, Department of Justice, of Washington D.C., with whom Mr. George Morris Fay, United States Attorney, and Mr. Sidney S. Sachs, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellant.

Mr. Bernard Margolius, of Washington, D.C., with whom Mr. Joseph B. Danzansky, of Washington, D.C., was on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Chester Bowles, as Administrator of the Office of Price Administration, and on be-

half of the United States, brought a civil action in the District Court against the present appellee and another, for an injunction and for treble damages for alleged sales of meat at prices in excess of the lawful ceiling prices under Emergency Price Control Regulations.[1] The action was dismissed as to the other defendant, and the present appellee answered the complaint.

Bowles resigned from office effective February 25, 1946. More than a year passed, and no action was proposed or taken to substitute another party plaintiff or to continue or maintain the action, or to show the court that there was a need for so continuing or maintaining the action. Therefore, on April 18, 1947, appellee-defendant moved to dismiss the action upon authority of Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and of Section 780, Title 28, of the United States Code. Still no action was proposed or taken by the United States or by anyone else to substitute a party plaintiff. The District Court granted the motion. Thereupon the United States, describing itself as "the real party in interest" in the case, but without seeking to be substituted as a party to the proceeding, filed a notice of appeal to this court. The transcript of the record was filed in this court August 1, 1947. On September 10, 1947, the United States filed in this court a motion to substitute itself "as nominal plaintiff-appellant" in the cause. Appellee moved to dismiss the appeal, upon the ground that no appeal had been taken by any party to the action. Disposition of the motions was reserved until argument upon the merits.

The United States says that the appeal is taken under Section 101, Title 17, of the District of Columbia Code. That statute gives the right of appeal only to parties to the action. It reads, "Any party aggrieved * * * may appeal * * *." Rule 73(a) of the Federal Rules of Civil Procedure provides that "a party may appeal". Rule 17(a) of the same Rules provides:

"Every action shall be prosecuted in the name of the real party in interest; but * * * a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; * * *"

The latter clause describes what Bowles did in this case. The statute authorized him, the Administrator, to institute the action on behalf of the United States. He did so without joining the United States with him. The United States was never a party to the record in the court below. It never made any attempt to become a party. Without being or attempting to become a party, it simply filed a notice of appeal.

■ It has long been settled that one who is not a party to a record and judgment is not entitled to appeal therefrom.[2] In at least two cases, the Supreme Court has applied that rule to states which have attempted to appeal in actions in which they were the real parties in interest although the parties to the records were state agencies. In South Carolina v. Wesley,[3]

---

[1] Sec. 205(e) of Emergency Price Control Act, 56 Stat. 34 (1942), 58 Stat. 640 (1944), 50 U.S.C.A.Appendix, § 925 (e); Revised Maximum Price Regulation No. 169, 7 Fed.Reg. 10381 (1942).

[2] In the Matter of Leaf Tobacco Board of Trade, 1911, 222 U.S. 578, 32 S.Ct. 833, 56 L.Ed. 323; Indiana Southern R. Co. v. Liverpool, Etc., Ins. Co., 1883, 109 U.S. 168, 173, 3 S.Ct. 108, 27 L.Ed. 895, 897; Bayard v. Lombard, et al., 1850, 9 How. 530, 551, 13 L.Ed. 245, 254; Payne v. Niles, 1858, 20 How. 219, 15 L.Ed. 895; Fitzgerald v. Evans, 8 Cir., 1892, 49 F. 426; Spangelo v. Northern Dakota Ry., 8 Cir., 1921, 276 F. 26; In re Trust No. 2988 of Foreman Trust

& Sav. Bank, 7 Cir., 1936, 85 F.2d 942, certiorari denied 1936, 299 U.S. 609, 57 S.Ct. 235, 81 L.Ed. 450; In re Rose, 9 Cir., 1936, 86 F.2d 69; Newberry v. Davison Chemical Co., 4 Cir., 1933, 65 F.2d 724, 729, certiorari denied 1933, 290 U.S. 660, 54 S.Ct. 75, 78 L.Ed. 571; Taylor v. Logan Trust Co., 8 Cir., 1923, 289 F. 51; In re Phœnix Dress Co., 7 Cir., 1942, 131 F.2d 726; Reid v. Judges of Circuit Court, 4 Cir., 1909, 175 F. 774; 3 Moore, Federal Practice (1938) § 73.02, p. 3393, and cases cited; 10 Cyclopedia of Federal Procedure (2d ed. 1943) § 4996 and cases cited; see Notes, 9 L.Ed. 201 and 50 L.Ed. 723.

[3] 1895, 155 U.S. 542, 15 S.Ct. 230, 39 L.Ed. 254.

the Court granted a motion to dismiss, saying, "The state was not a party to the record in the circuit court and did not become a party by intervention, pro interesse suo or otherwise, but expressly refused to submit its rights to the jurisdiction of the court." In United States ex rel. Louisiana v. Jack,[4] the State claimed title and beneficial interest in the land in question, the nominal party being a levee district created by the State. The Circuit Court of Appeals dismissed the appeal, using precisely the words we have used above in stating the rule.[5] The Supreme Court affirmed the judgment.

It is sometimes said that not only parties to the record, but also their privies, may appeal, and that if the decree affects a person's interests, he may appeal.[6] We have examined all the cases we have found cited to that proposition, and find that they concern the right to intervene and then appeal.[7] Thus, in West v. Radio-Keith-Orpheum Corp.,[8] Judge Learned Hand, speaking for the Circuit Court of Appeals for the Second Circuit, said that "it is indeed well settled that generally speaking no person, not a party to a suit, may appeal. * * * But if the decree affects his interests, he is often allowed to appeal." In that case a receiver gave notice to all creditors that on a given day it would apply to the court for instructions. One West, a creditor, appeared and objected. After hearings in which all creditors participated, the court entered an order. West appealed. The question was whether he could appeal. The court held that he could,

since he was actually present and participating in the proceeding below after appearance upon notice duly given him to do so. The court cited four cases to the above-quoted statement.[9] All four concerned the rights of persons who had become in one way or another parties to the record in the trial court. Two concerned bidders at foreclosure sales, the courts holding that upon making a bid, the bidder became a party to the proceeding and was thereafter subject to the orders of the court in the case. One concerned the rights of bondholders to intervene in a foreclosure sale and thereafter to appeal. And the fourth concerned a person brought into the proceedings by court process at the instigation of the parties. Similarly, F. A. Mfg. Co. v. Hayden & Clemons[10] concerned the status of the purchaser of a patent after a decree, who had filed a sworn petition to appeal, and a bond, in the court below, and the petition and the bond had been allowed in that court.

We have found no case, and the United States has cited none to us, in which a person who had taken no steps to become a party to the proceeding in the court below, was permitted to appeal. The decisions dealing with that situation are, as we have indicated, contra the right to appeal.

We emphasize that we are not dealing with the question whether the United States can move to be substituted in the court where the case is. Many cases are cited to us upon that point.[11] Typical is Fleming v. Goodwin, 8 Cir., 1948, 165 F.2d

[4] 1917, 244 U.S. 397, 37 S.Ct. 605, 61 L.Ed. 1222.

[5] Id., 244 U.S. at page 401, 37 S.Ct. at page 607, 61 L.Ed. at page 1226.

[6] West v. Radio-Keith-Orpheum Corp., 2 Cir., 1934, 70 F.2d 621, 623, and cases there cited; F. A. Mfg. Co. v. Hayden & Clemons, 1 Cir., 1921, 273 F. 374.

[7] In addition to cases cited supra note 6, see Sage v. Cent. R. Co. of Iowa, 1876, 93 U.S. 412, 419, 23 L.Ed. 933, 935–936; Ex parte Cutting, 1877, 94 U.S. 14, 20, 24 L.Ed. 49, 51; Ex parte Cockcroft, 1882, 104 U.S. 578, 26 L.Ed. 856; Securities and Exchange Comm. v. United States Realty Co., 1940, 310 U.S. 434, 458 et seq., 60 S.Ct. 1044, 84 L.Ed. 1293; Mackey v. City of Little Rock, 8

Cir., 1938, 94 F.2d 546; Buel v. Farmers' Loan & Trust Co., 6 Cir., 1900, 104 F. 839.

[8] Supra note, 6, 70 F.2d at pages 623–624.

[9] Blossom v. Milwaukee & Chicago R. Co., 1864, 1 Wall. 655. 17 L.Ed. 673; Williams v. Morgan, 1884, 111 U.S. 684, 4 S.Ct. 638, 28 L.Ed. 559; Kneeland v. American Loan & Trust Co. of Boston, 1890, 136 U.S. 89, 10 S.Ct. 950, 34 L. Ed. 379; Mitchell v. Lay, 9 Cir., 1930, 48 F.2d 79.

[10] Supra note 6.

[11] Porter v. Maule, 5 Cir., 1947, 160 F. 2d 1; United States v. Koike, 9 Cir., 1947, 164 F.2d 155; Bowles v. Blue Ribbon Provisions, Inc., D.C.E.D.N.Y.1947,

334. But none of those cases involves or touches upon the point we have here. In the case just mentioned, for example, Chester Bowles was the original plaintiff. While the case was pending in the District Court, Bowles resigned and his successor, Porter, moved to be substituted. That motion was denied, and the case was dismissed. Within the time when an appeal could be taken, Porter resigned and his successor, Fleming, moved the District Court to be substituted as plaintiff. While that motion was under advisement, Fleming, being then a party who had submitted himself to the jurisdiction of the court, and being a party to the record by reason of his motion for substitution, appealed. That took the case to the Circuit Court of Appeals. Later, the United States filed in that court, where the case properly was, a motion to be substituted, and the court granted the motion.[12]

But the question before us in the case at bar is whether the case is in this court—whether a person who was not a party to the record in the District Court and who made no effort to become a party there, can bring the case into this court simply by noting an appeal. He could not do so under the cases we have cited and discussed. If he could not, the case is not in this court and so a motion to substitute parties could not be entertained here.

Specifically, the question is whether Rule 17(a), governing the bringing of actions by parties other than the real party in interest, meant to rescind what has unquestionably been the rule and to provide that the real party at interest, on whose behalf an action is brought, need not formally become a party to the proceedings but can move in the case as though he were. Obviously, if he can appeal, he could, without becoming a party to the record, take any other action a party to the record could take. We can see nothing but chaos resulting from such a holding. Any exception which we might make in the case at bar would apply equally as well to any other person not joined as a party, but in whose behalf an action was instituted, and to all the other instances mentioned in Rule 17(a)—executors, administrators, guardians, trustees, and parties with whom or in whose names contracts are made for the benefit of others.

A person who has not submitted himself to the jurisdiction of a court, and who has not presented to the court his claim of interest in the controversy, ought not to be allowed to appeal from the judgment. The slightest regard for an orderly adjudication of contesting rights dictates that conclusion. The Supreme Court, in the cases we have cited, thought this matter important. Rules of procedure such as the one here pertinent are not mere naked technicalities. As we recently had occasion to observe, reasonable adherence to clear, reasonable and known rules of procedure is essential to the administration of justice.[13] Justice cannot be administered in chaos. Moreover, the administration of justice involves not only meticulous disposition of the conflicts in one particular case but the expeditious disposition of hundreds of cases. If the courts must stop to inquire where substantial justice on the merits lies every time a litigant refuses or fails to abide the reasonable and known rules of procedure, there will be no administration of justice. Litigants must be required to cooperate in the efficient disposition of their cases.

We are told that in substance no injustice would result from ignoring the rules in this case. That may be, but it cannot justify the departure. Just as soon as rules of procedure are ignored in order to do substantial justice on the merits in a particular case, there are no rules. What is done in one case must be done in all. Of course, the prevention of manifest injustice may present another problem.

We are told that the United States is a different sort of litigant. It

7 F.R.D. 603; Porter v. Pure Oil Co., D.C.E.D.Pa.1947, 7 F.R.D. 577; Fleming v Baum, Civil No. 3096, N.D.Ga., Nov. 5, 1947; United States v. Saunders Petroleum Co., Inc., D.C.W.D.Mo.1947, 7 F. R.D. 608; Porter v. Steger, Civil No. 2726, et al., Md., June 19, 1947; Porter v. Lippincott, Civil No. 176, Neb., Sept. 30, 1947.

12 We do not mean to indicate here any view upon the question considered by the court in that case.

13 Kass v. Baskin, 1947, 82 U.S.App. D.C. 385, 164 F.2d 513.

represents the public, we are told, and so must be permitted to pursue its own chosen course of action in respect to the method and time of proceeding in litigation. We know of no such rule. Of course, the Congress can prescribe the terms upon which the United States can be sued, but that doctrine, stretched to its utmost, does not mean that when the United States is a plaintiff it is not bound by the rules pertaining to the conduct of litigation in the courts. The Supreme Court, in the cases above cited, held the state governments to be so bound. We know of no reason why the rules should not apply to the Government of the United States just as we applied them to an individual in the Landlord and Tenant Branch of the Municipal Court in Kass v. Baskin.[14] The United States is usually meticulous in its conformity to rules of court. Many motions to substitute parties have been made in its behalf. We are not advised as to why such a motion was not made in the District Court in this case. But whether it was a refusal or an inadvertent failure, we cannot make an exception to a clear and reasonable rule of procedure for either of those reasons.

We are told that many thousands of cases were pending in the courts when the Office of Price Administration ceased to exist, and it is urged upon us that large amounts of money claimed on behalf of the United States are involved in those cases. But we are not considering the right of the United States to present its petitions or motions to be made party to such actions and to prosecute them thereafter. That it has followed that course in many cases and has been sustained in it is evident upon reference to the cases cited supra note 11. In the present case, although it had ample time and notice, as our recitation of the procedural facts shows, it did not follow that course. It did not at any time submit itself to the jurisdiction of the court below,

or seek to invoke what it now claims to have been its plain rights. It simply asserted itself as a party and acted accordingly. The court cannot, by ignoring or waiving requirements otherwise applicable and based upon sound and important principles of judicial proceeding, extricate it from the position in which it has placed itself. The protection of its claims was its responsibility. It had a plain course of action protective of its rights. It should have pursued it.

Since we think that this appeal is not properly before us, the appellee's motion to dismiss the appeal will be granted.

Dismissed.

EDGERTON, Associate Justice (dissenting).

Congress authorized suit on behalf of the United States.[1] Suit was brought on behalf of the United States.[2] The claim in suit is a claim of the United States. In United States v. Summerlin the Supreme Court said: "The claim assigned to the Federal Housing Administrator acting on behalf of the United States became the claim of the United States, and the United States thereupon became entitled to enforce it."[3]

In the complaint filed on behalf of the United States in the Summerlin case the United States was described as "petitioner." Obviously the United States might have been described as "plaintiff" in the complaint filed on its behalf in the present case. That it was not so described is unimportant. As the Supreme Court said in State of Louisiana v. McAdoo, Secretary of the Treasury, "That the United States is not named on the record as a party is true. But the question whether it is in legal effect a party to the controversy is not always determined by the fact that it is not named as a party on the record, but by the

---

14 Ibid.

1 " * * * The Administrator may institute such action on behalf of the United States." Emergency Price Control Act, as amended, § 205(e), 50 U.S.C.A. Appendix, § 925(e).

2 The first paragraph of the complaint is as follows: "1. Plaintiff, Chester Bowles, brings this action as Administrator of the Office of Price Administration, and on behalf of the United States."

3 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283.

effect of the judgment or decree which can here be rendered."[4] No one doubts that the judgment or decree which the District Court rendered will have the effect of determining rights of the United States. This action on behalf of the United States is therefore an action by the United States.[5]

The question is whether the United States can prosecute its own appeal in its own case in its own court. Since the United States was always "in legal effect a party to the controversy," the present motion to substitute "the United States as nominal plaintiff-appellant" is probably unnecessary.[6] But the motion is proper and should be granted. In ruling on a similar motion the United States Court of Appeals for the Fifth Circuit recently said: "It appearing that the appellant is no longer in office, and has no successor, and that the United States is and has always been the true party in interest, the motion to substitute the United States as appellant is hereby granted."[7]

The court appears to hold that the United States cannot appeal because it took "no steps to become a party to the proceeding in the court below." If steps to become a party to the proceeding are thought necessary, it should make no difference whether they were taken in the trial court or in this court. If it is thought that they must be taken in the trial court, the case should be sent back there for that purpose or else the supposed requirement should be dispensed with as useless circuity.

We need not consider whether, or with what consequences, a private litigant might be in a position somewhat analogous to the present position of the United States. No private litigant could be in a position analogous to that of the United States in one important respect. The United States cannot be sued or prevented from suing in its own courts without its consent. The sovereign is not just another litigant.

The District Court dismissed the complaint because the Administrator whose name it contained had left office and his successor's name had not been substituted. This was erroneous. The suit might have been brought either in the name of the United States[8] or in the name of the Office of Price Administration.[9] The fact that the pleader chose to use an Administrator's name as well as his title is unimportant. When a suit nominally by or against a public officer is "really and in substance" by or against the government he represents, "there is no sense or reason in allowing it to abate by the change of individuals in the office," and it does not abate. Thompson v. United States, 103 U.S. 480, 484, 26 L.Ed. 521. No statute or rule has abrogated this rational common law principle.

A suit based on a "duty * * * personal with the officer" abated, at common law, when he went out of office, and his successor could not be substituted as a party. United States v. Butterworth, 169 U.S. 600, 603, 18 S.Ct. 441, 442, 42 L.Ed. 873. But neither that doctrine nor the Rule of Civil Procedure which has been adopted in order to obviate it justifies dismissal of the present complaint. For there was nothing personal about the complaint or the Administrator's duty on which it was based. During 1946, when there were two changes of Administrator, we are told that over 28,000 enforcement suits, most of them for treble damages, were filed in federal courts. No Administrator could make personal decisions in regard to these thousands of suits. The Administrator "is plaintiff in

---

[4] 234 U.S. 627, 629, 34 S.Ct. 938, 939, 58 L.Ed. 1506.

[5] Porter, Price Administrator, v. Montgomery, 3 Cir., 163 F.2d 211, 214.

[6] Cf. Bowles v. Goldman, D.C.W.D.Pa., 1947, 7 F.R.D. 12, 17.

[7] Fleming v. Hardin * (C.C.A.5th, No. * No opinion for publication. 11748), motion granted July 7, 1947; Cf. Porter v. Hardin, 5 Cir., 164 F.2d 401.

[8] United States v. Summerlin, supra note 3.

[9] "There is some point made of the fact that suit was brought against the Federal Housing Administration rather than against the Administrator. But when the statute authorizes suits by or against the Administrator 'in his official capacity' we conclude that that permits actions by or against the Federal Housing Administration." Federal Housing Administration v. Burr, 309 U.S. 242, 249, 250, 60 S.Ct. 488, 84 L.Ed. 724.

name only   As Administrator, he acts not for himself but for the office."[10] "The action of the Administrator, whoever is named, is not a personal one, but is one by virtue of his office."[11]

In the Butterworth case the Supreme Court suggested (169 U.S. at page 605, 18 S.Ct. at page 443, 42 L.Ed. 873), in reference to the "personal" sort of suit which abated when an officer left office, that "Congress should provide for the difficulty by enacting that, in the case of suits against the heads of departments abating by death or resignation, it should be lawful for the successor in office to be brought into the case by petition, or some other appropriate method." Congress responded to this suggestion.[12] The current form of its response is Rule 25(d) of the Federal Rules of Civil Procedure. The history of the matter shows that the purpose of this Rule is not to prevent but to permit continuance of actions; not to abate actions that would have continued at common law but to continue actions that would have abated at common law. Its language is consistent with its purpose. It provides that "When an officer of the United States * * * is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained *by or against his successor*, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for *so* continuing and maintaining it." [Italics supplied.] This might well be taken to apply only when the United States is not, and an officer is, the real "party." But even if it be taken to apply to such an action as the present one,[13] in which an officer is only a nominal party and the United States is the real party, the Rule does not require or even authorize dismissal of the action. The Rule provides that an action may be continued by or against an officer's "successor"

if need is shown for *"so"* continuing it. The Rule does not provide that an action may not be continued by or against the United States, or the office, or the former officer, when no need for continuing it by or against his successor is shown. Such a provision should not be read into the Rule by implication. Moreover the implication is the other way. For paragraph (a) of this same Rule 25, which paragraph authorizes substitution for *deceased* parties in general, goes on to provide that "if substitution is not so made, the action shall be dismissed as to the deceased party." Paragraph (d), which authorizes substitution for former public officers, does *not* go on to provide that if substitution is not so made the action shall be dismissed, either absolutely, as to the United States, as to the office, or even as to the former officer. A basic principle of construction requires us to suppose that this difference between paragraph (a) and paragraph (d) of Rule 25 is intentional.

If the history and context of Rule 25(d) left its meaning in doubt, which I think they do not, the doubt should be removed by Rule 1 of the Federal Rules of Civil Procedure, which requires that all the Rules be so construed as to produce just results. It would not be just to permit price-ceiling violators to profit because particular Administrators, or all Administrators, have gone out of office. Congress recognized this. In fixing the date for the termination of the Emergency Price Control Act, Congress added this qualification: "Except that as to offenses committed, or rights or liabilities incurred, prior to such termination date, the provisions of this Act and such regulations, orders, price schedules, and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense."[14]   By Executive Order 9842, 50

---

[10] Porter v. Maule, 5 Cir., 160 F.2d 1, 3.

[11] Porter v. American Distilling Co., D.C.S.D.N.Y.1947, 71 F.Supp. 483, 488.

[12] Act of February 8, 1899, c. 121, 30 Stat. 822, enlarged by the Act of February 13, 1925, c. 229, § 11(a), 43 Stat. 941, 28 U.S.C.A. § 780.   Irwin v. Wright. 258 U.S. 219, 222, 42 S.Ct. 293,

66 L.Ed. 573; Ex parte La Prade, 289 U.S. 444, 456, 53 S.Ct. 682, 77 L.Ed. 1311.

[13] Cf. Fleming v. Mohawk Wrecking & Lumber Co., 331 U.S. 111, 67 S.Ct. 1129.

[14] 56 Stat. 24, § 1(b), as amended, 60 Stat. 664, § 1, 50 U.S.C.A.Appendix § 901(b).

U.S.C.A.Appendix, § 925 note, the President authorized the Attorney General, through his subordinates, to carry on such litigation. 12 Fed.Reg. 2646.

After this dissent was written, the Court of Appeals of the Eighth Circuit decided a similar case. Its opinion concludes: "To hold that this action abated upon the resignation of Chester Bowles as Price Administrator and was no longer maintainable because of the noncompliance by his successors with Rule 25(d), would, in our opinion, be to glorify form over substance and reality. The motion of the United States to be substituted as appellant is granted. The order appealed from is vacated, and the District Court is directed to try this case upon the merits."[15]

[15] Fleming v. Goodwin, 8 Cir., 234 F.2d 165; citing United States v. Koike, 9 Cir., 164 F.2d 155.