**A. J. BARTHOLOMEW, Alcoholic Beverage Administrator, Appellant,**

v.

**Sandy PANIELLO, Appellee.**

Court of Appeals of Kentucky.

Feb. 24, 1956.

Foster C. DeWees, Louisville, for appellant.

Thomas F. Marshall, Frankfort, for appellee.

CLAY, Commissioner.

This action is before us on appellee's motion to dismiss the appeal.

Appellant is Alcoholic Beverage Control Administrator for the City of Louisville. Upon application made by appellee for malt beverage and liquor licenses, appellant refused to give his approval.

Appellee appealed to the State Alcoholic Beverage Control Board, which likewise denied the licenses applied for. Thereupon appellee appealed to the Franklin Circuit Court as authorized by KRS 243.560. The parties to that appeal were the appellee and the members of the State Alcoholic Beverage Control Board. Under subsection (3) of KRS 243.560, the applicant and the Board are the only designated "necessary parties" to such an appeal.

The Franklin Circuit Court reversed the State Board and ordered the issuance of the licenses to appellee.

Thereafter appellant, who had not been made a party to any of these proceedings, filed a notice of appeal from the judgment of the Franklin Circuit Court and took other steps required by the Rules of Civil Procedure to perfect an appeal to this Court.

KRS 243.590 authorizes "Any party aggrieved" to appeal to this court in the manner provided in the Rules of Civil Procedure. Though appellant may be aggrieved, he never was a party to the proceedings in the Franklin Circuit Court.

It is appellant's contention that he was a necessary or indispensable party to the appeal from the ruling of the State Alcoholic Beverage Control Board. We do not pass upon that question because it is not before us. Conceding, without deciding, that appellant was an aggrieved "person" under KRS 243.560(2) and could have appealed to the Franklin Circuit Court, and conceding, without deciding, that appellant could have intervened and been made a party in the Franklin Circuit Court, he failed to take either of these steps. The term "party" as used in KRS 243.590 and CR 73.02 clearly means a party of record in the proceedings. See In re Phoenix Dress Co., 7 Cir., 1942, 131 F.2d 726, 51 Am.Bankr.Rep.,N.S., 757; United States v. Seigel, 1948, 83 U.S.App.D.C. 88, 168 F.2d 143; Commanding Officer United States Army Base, Camp Breckinridge, Ky. v. United States ex rel. Bumanis, 6 Cir., 1953, 207 F.2d 499; Braun v. Brown, 13 Cal.2d 130, 87 P.2d 1009; Stewart v. Duncan, 40 Minn. 410, 42 N.W. 89.

Since appellant was not a party to the proceedings in the Franklin Circuit Court, he had no right to appeal from its judgment.

The appeal must be, and hereby is, dismissed.