Louis **HEILMAN**, Appellant

v.

Louis **GINBERG** et al., Appellees.

No. 15692.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 24, 1960.

Decided Nov. 17, 1960.

Mr. Carleton U. Edwards, II, Washington, D. C., with whom Mr. Bernard Margolius, Washington, D. C., was on the brief, for appellant. Mr. Ralph H. Deckelbaum, Washington, D. C., also entered an appearance for appellant.

Mr. John E. Powell, Washington, D. C., with whom Mr. David G. Berger, Washington, D. C., was on the brief, for appellees Heilman.

Mr. Alvin L. Newmyer, Washington, D. C., for appellee Ginberg.

Before Mr. Justice REED, retired,[*] and BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

J. Melvin Heilman and his brother, appellant Louis Heilman, each owned one half of all the stock of a corporation engaged in the retail liquor business. They executed an agreement to the effect that upon the death of either, the survivor would be entitled to purchase the decedent's stock at a price governed by a formula set forth in the agreement.[1] This is, of course, not an uncommon arrangement in closely held corporations. Thereafter J. Melvin Heilman died; his stock was appraised at approximately $60,000 and the surviving brother, appellant here, tendered performance of the stock purchase agreement. Louis Ginberg and appellant, as executors, then filed in the Probate Court a petition for

---

[*] Sitting by designation pursuant to the provisions of 28 U.S.C. § 294(a).

1. The stock purchase agreement provides, among other things, for an option in favor of one of decedent's sons, effective under conditions not relevant to our disposition of this appeal. The claims advanced by decedent's son present a contest as between the son and the appellant over the right to acquire decedent's 50% stock interest.

ratification of the proposed sale of stock to appellant. Decedent's widow and the guardian ad litem of decedent's minor children filed objections on the ground that a conflict of interest existed because of appellee's position as executor and also as purchaser; they also challenged the decedent's competence to execute the stock purchase agreement, which was executed on the same day as decedent's will. Appellant then resigned as executor and was duly released and discharged. Judge Holtzoff, presiding in Motions Court, against this background denied the petition for confirmation of the stock purchase agreement without prejudice to its renewal unless an appropriate action was filed by a given date to set aside the agreement. No such action was filed.

The sole remaining executor, Louis Ginberg, then filed a supplemental petition which reported the developments to the Probate Court and asked for instructions. Thereafter the District Court in special term as Probate Court purported to instruct the executor with respect to performance of the contract and appellant seeks review of that order, contending (1) the Probate Court had no jurisdiction to pass on the validity or the effect of the contract; (2) that the order of the Probate Court is not binding on appellant since he was not a party to the proceeding.

It is clear that whatever its terms, the order in the probate proceedings constitutes nothing more than instructions to the executor; it is not binding on appellant and it does not affect his rights under the stock purchase agreement. The Probate Court, of course, had no jurisdiction to make any order affecting appellant's rights under the stock purchase agreement. The order appealed from need not be read as going beyond instructing the executor as to what steps he was to take. That order does not inhibit appellant in any claim he may assert and the appropriate court having jurisdiction is free to construe the contract in any action instituted to enforce rights under that contract.[2] So construed the order appealed from is not one which adversely affects appellant.

Since appellant was not a party to the proceeding or in any way subject to the jurisdiction of the Probate Court, he had no right to appeal. Fed.R.Civ.P. rule 73 (a), 28 U.S.C.A.; United States v. Seigel, 1948, 83 U.S.App.D.C. 88, 168 F.2d 143; Barksdale v. Morgan, 1910, 34 App. D.C. 549.

Appeal dismissed.

---

**2.** Appellee freely concedes that the order in question did *not* adjudicate appellant's rights under the contract but was simply a direction to the executor.